## Biggs v. Commonwealth.

(Decided January 12, 1915.)

### Appeal from Carter Circuit Court.

Criminal Law—Indeterminate Sentence—Instruction.—Under the indeterminate sentence law the jury, after being first advised of the minimum and maximum punishment fixed by law, should be instructed if they find the defendant guilty to fix a minimum

sentence for any time in their discretion under the maximum and not less than the minimum sentence fixed by law and a maximum sentence for any time in their discretion greater than the minimum sentence but not more than the maximum punishment fixed by law.

G. W. E. WOLFFORD, SCOTT & HAMILTON and CALHOUN B. WILHOIT for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This is a second appeal of this case. The opinion on the former appeal may be found in 159 Ky., 836, and, as the facts are fully stated in that opinion and the evidence on the trial from which this appeal is prosecuted is the same as the evidence on the trial from which the first appeal was prosecuted, it is not necessary to encumber this opinion with a re-statement of the facts.

Several errors are relied on for reversal, but the only substantial one is found in instruction number two. In that instruction, which advised the jury of their right to find the defendant guilty of voluntary manslaughter, they were told that if they did find him guilty of voluntary manslaughter, they should "say in their verdict that he shall be confined in the penitentiary for a period of not less than two nor more than twenty-one years." And the jury returned the following verdict: "We, the jury, agree to find the defendant, Buck Biggs, guilty under instruction of the court number two, and fix his punishment at confinement in the penitentiary for a period of not less than two nor more than twenty-one years."

The crime for which appellant was indicted and convicted was committed on May 25, 1914, which was after the indeterminate sentence law of 1914, now section 1136 of the Kentucky Statutes, went into effect, and so much of this act as is pertinent to the question under consideration reads:

"If the jury find the defendant guilty, they shall fix and render against the defendant an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in such verdict the minimum and maximum limits thereof, but the said minimum time shall not be less than the minimum time, nor the maximum time greater than the maximum time' of imprisonment prescribed by law for the punishment of the offense stated in the verdict, and, as the maximum

time of imprisonment, the term now or hereafter prescribed by law as the maximum term of imprisonment for the punishment of such offense, and thereupon the court shall render a judgment in conformity with such verdict.''

Under this act when the statute fixes a minimum and a maximum punishment for an offense, as, for example, voluntary manslaughter, the punishment for which is confinement in the State penitentiary for a term of not less than two nor more than twenty-one years, the jury have the right to fix the minimum sentence at any period under twenty-one years and not less than two years, and the maximum sentence at any period over the minimum sentence, but not greater than twenty-one years. Or, to state it differently, the jury may fix the minimum punishment at two, or five, or ten, or twelve, or even twenty years, and they may fix the maximum punishment at any time they desire greater than the minimum punishment, but, of course, cannot exceed the maximum punishment fixed by law. So that a jury might find the defendant guilty of voluntary manslaughter and fix his punishment at confinement in the penitentiary for a term of not less than two nor more than five years, or for a term not less than five nor more than ten years, or for a term not less than ten nor more than twenty-one years. But, under the instructions, the jury were told, in effect, that, if they found the defendant guilty of voluntary manslaughter, they must fix the minimum punishment at two and the maximum at twenty-one years, and it seems quite evident from the verdict of the jury, which followed the wording of the instruction, that they were under the impression that they were confined to fixing the minimum punishment at two and the maximum punishment at twenty-one years. But, whether the jury had this view of the instruction or not, it did not correctly state the law as declared in the indeterminate sentence act.

The jury should have been advised by the instruction that, if they found the defendant guilty of voluntary manslaughter, they should fix a minimum sentence for any time in their discretion under twenty-one years and not less than two years, and a maximum sentence for any time in their discretion greater than the minimum sentence and not more than twenty-one years. Under an instruction such as should have been given the jury might have fixed the minimum sentence at two years and the

maximum sentence at any period from over two to twenty-one years, and need not have fixed the maximum at twenty-one years as the instruction apparently told them they must do.

We also think the court should have permitted the affidavit for a continuance to be read when it was offered, although it was offered out of time.

Instruction No. 3, on the subject of the right of appellant to kill the deceased in defense of his brother, is also erroneous. On another trial the court should instruct the jury on this point in the manner and form laid down in Arnett v. Commonwealth, 137 Ky., 270; Stanley v. Commonwealth, 86 Ky., 440; Pace v. Com., 89 Ky., 204.

The judgment is reversed with directions for a new trial in conformity with this opinion.