## Day v. Commonwealth.

(Decided February 16, 1915.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law—Indeterminate Sentence—Instructions.—An instruction on the subject of voluntary manslaughter telling the jury that if they found the defendant guilty they should "fix his punishment at confinement in the penitentiary at any time so that it be not less than two years and not to exceed twenty-one years

in the discretion of the jury," was prejudicially erroneous under the indeterminate sentence act.

2.   Criminal   Law—Indeterminate   Sentence—Verdict—Judgment.— Under the indeterminate sentence law the verdict of the jury must fix a minimum and a maximum sentence and the judgment must conform to the verdict.

FINLEY E. FOGG, FRED M. VINSON, H. C. SULLIVAN, W. D. O'NEAL, W. T. CAIN and GARRED & GARRED for appellant.

JAMES GARNETT, Attorney General, and JOHN M. WAUGH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

On the trial of the appellant under an indictment charging him with murder the court, in instruction number two, on the subject of voluntary manslaughter, told the jury that if they found the defendant guilty under that instruction they should "fix his punishment by confinement in the penitentiary at any time so that it be not less than two years and not to exceed twenty-one years, in the discretion of the jury." The jury found the defendant guilty under this instruction, and in their verdict said: "We, the jury, agree, and find the defendant, Nathan C. Day, guilty under instruction number two, and fix his punishment at the period of twenty-one years in the State penitentiary."

On this verdict the court sentenced the defendant to confinement in the penitentiary at Frankfort for the period of twenty-one years.

The grounds of reversal relied on are that the court failed to give the proper instruction on the subject of voluntary manslaughter, and that the verdict and judgment thereon do not conform to the indeterminate sentence law.

In Biggs v. Com., 162 Ky., 103, we had under consideration the question here involved, and held that an instruction similar to the one given in this case was prejudicial error. In addition to this, the verdict of the jury, as well as the judgment thereon, disregarded the plain letter of the indeterminate sentence act, now Section 1136 of the Kentucky Statutes. This act provides that "if the jury find the defendant guilty, they shall fix and render against the defendant an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in such verdict the maximum and minimum limits thereof. * * * and there-

upon the court shall render a judgment in conformity with such verdict.'' It will be observed that the verdict did not fix an indeterminate sentence or any minimum sentence at all, and that the court, in entering the judgment, simply followed the verdict.

For the reasons stated, we are reluctantly compelled to reverse the judgment and remand the case for a new trial, and it is so ordered.