### Adams v. Commonwealth

(Decided April 16, 1915.)

### Appeal from Perry Circuit Court.

1.  Criminal Law—Trial—Indeterminate Sentence Act.—Under the Indeterminate Sentence Act of 1914 it is prejudicial error to authorize the jury in the instructions to fix a definite term of imprisonment for defendant.
2.  Criminal Law—Indeterminate Sentence Act.—Under that act the judgment of the court must conform to the verdict of the jury.

GEORGE S. ATKINSON for appellant.

JAMES GARNETT, Attorney General, for appellee.

Opinion of the Court by Judge Turner.—Reversing.

Appellant being on trial charged with murder, was found guilty of voluntary manslaughter and sentenced by the court to imprisonment for not less than ten nor more than twenty-one years.

The only question necessary to be considered is, whether the instructions of the court conformed to the requirements of the Indeterminate Sentence Act of 1914.

The instruction authorized the jury to "fix the period of confinement for an indeterminate sentence not below two years, the lowest time, and the highest not being over twenty-one years, or at any point below twenty-one years so that it is not less than two years," in their discretion.

It will be seen from this instruction that the jury was authorized to fix a definite term of imprisonment for the defendant, if he was found guilty, whereas, under the act of 1914, they were only authorized to "fix and render against the defendant an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in such verdict the minimum and maximum limits thereof, but the said minimum time shall not be less than the minimum time, nor the maximum time greater than the maximum time of imprisonment prescribed by law."

Instructions similar to this have been held to be prejudicial error in the recent cases of Biggs v. Commonwealth, 162 Ky., 103, and Day v. Commonwealth, 162 Ky., 767.

The jury, under the instruction quoted, and following same, returned a verdict definitely fixing appellant's term of imprisonment at ten years, and the court, in entering its judgment without conforming to the verdict, which it is required by the act to do, adjudged the defendant guilty and fixed his punishment at confinement for not less than ten nor more than twenty-one years.

Upon another trial the court will make its instruction conform to the requirements indicated in the two cases cited, and will follow the verdict in entering judgment.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.