## Gardner v. Commonwealth.

(Decided April 20, 1915.)

## Appeal from Boyd Circuit Court.

1. Criminal Law—Indeterminate Sentence Law—Trial.—Under the Indeterminate Sentence Law of 1914 (Ky. Stats., Sec. 1136), the verdict of the jury must fix a minimum and a maximum sentence, and the judgment must conform to the verdict.

2. Indictment—False Statement Respecting Financial Condition.— In an indictment under section 1213b of the Kentucky Statutes, charging the defendant with having made a false written statement in August, 1914, concerning the financial condition and ability of himself, a verdict and judgment which ignored the Indeterminate Sentence Law of 1914, and fixed the defendant's punishment at five years in the penitentiary, were erroneous.

3. Indictment—False Statement Respecting Financial Condition.— An indictment for making a false statement concerning one's financial condition and ability, being under a statute, should conform to the statutory terms; it should contain all the material facts and circumstances necessary to be proved upon the trial in order to convict, and the false statement should be set out so that the court can determine whether it comes within the statute, and give the defendant notice of what he is to answer.

4. Indictment—False Statement Respecting Financial Condition.— An indictment under section 1213b of the Kentucky Statutes, charging the defendant with having made a false statement concerning his own financial condition and ability, which further showed that the alleged false statement relied upon for a conviction was not made concerning the defendant's financial condition or ability, but was made concerning the financial condition and ability of another person, was insufficient under the statute, and a demurrer thereto should have been sustained.

J. W. HOWARD for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

On September 16th, 1914, the grand jury of Boyd County returned the following indictment against the appellant:

"The grand jury of Boyd County, in the name and by the authority of the Commonwealth of Kentucky, accuse the defendant, M. L. Gardner, of the offense of unlawfully and feloniously and knowingly making a false statement in writing and with intent that it should be

relied upon respecting the financial condition and means and ability of himself for the purpose of procuring the delivery of money to himself.

"The defendant on the 10th day of September, 1914, in the county and circuit aforesaid, did unlawfully, feloniously and knowingly make and cause to be made a false statement in writing with intent that it should be relied upon, respecting his financial condition and means and ability to pay for the purpose of procuring the delivery of money to himself, that said false statement is in words and figures as follows, to-wit:

"Western Union Telegram.

"August 22, 1914.

"To
  "Kentucky National Bank,
    "Catlettsburg, Ky.

"Honor A. B. Patrick's draft for $25,000, Twenty Five thousand dollars. Deposited 20th.
                "First National Bank.
                "Giles H. Mills, Cashier.

"Said statement was addressed to the Kentucky National Bank, which bank is duly incorporated under the banking laws of the United States and of the State of Kentucky, and is engaged in doing a general banking business in the city of Catlettsburg, Boyd County, Kentucky, and was so engaged at the time said statement was made. That the said defendant procured and caused to be sent said telegram on said date from the city of Lynchburg, Va., to the Kentucky National Bank for the purpose of procuring the sum of $25,000 to be paid to him by said bank. That the said defendant signed the name of First National Bank, Giles H. Mills, Cashier, to said telegram. That at the time said telegram was sent the said defendant had no money on deposit in the First National Bank at Lynchburg, Va., and the statement contained in said writing is wholly false and untrue and was known to be by said defendant at the time, but in pursuance of said false statement in writing above referred to, the said defendant demanded of the Kentucky National Bank said sum of $25,000 representing at the time that he had said sum on deposit in the First National Bank of Lynchburg, Va., all of which statements were false and untrue.

"Against the peace and dignity of the Commonwealth of Kentucky."

Upon the trial the appellant was found guilty, and his punishment fixed at confinement in the penitentiary for a term of five years. From that judgment he appeals.

The indictment was returned under the first section of the act of March 14th, 1914, which reads as follows:

"Any person who shall knowingly make or cause to be made, either directly or indirectly, or through any agency whatsoever, any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation, in whom he is interested, or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit, the extension of a credit, the discount of an account receivable or the making, acceptance, discount, sale or endorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation—shall be guilty of a felony, and upon conviction thereof shall be confined in the penitentiary for not less than one nor more than five years." Chap. 15, Acts 1914, p. 59; Ky. Sts., Sec. 1213b.

1. It is insisted that the verdict of the jury and the judgment of the court wholly failed to satisfy the provisions of Chapter 19 of the acts of 1914, commonly known as the Indeterminate Sentence Law of 1914. Acts 1914, p. 82, Ky. Sts., Sec. 1136. The indictment shows that the alleged false statement was made on August 22nd, 1914, thereby bringing the case under the provisions of Chapters 15 and 19 of the acts of 1914, *supra.*

Section 1136, *supra,* provides that if the jury find the defendant guilty, they shall fix and render against him an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in their verdict the minimum and maximum limits thereof, the minimum time not to be less than the minimum time, and the maximum time not to be greater than the maximum time of imprisonment prescribed by law for the punishment of the offense stated in the indictment, and that the court shall render a judgment in conformity with the verdict.

The court instructed the jury that in case they found the appellant guilty, they should fix his punishment

at confinement in the penitentiary for an indeterminate term of not less than one year, nor more than five years, in their discretion. Under this instruction the jury returned the following verdict:

"We, the jury, agree and find the defendant guilty under instruction No. 1 and fix his punishment at five years in the penitentiary."

By its judgment the court directed that appellant should be confined in the penitentiary for the period of five years.

It is clear, beyond a question, that the judgment must be reversed. The precise question was before this court in Biggs v. Commonwealth, 162 Ky., 103, and again in Day v. Commonwealth, 162 Ky., 767. Those cases held that, under the indeterminate sentence law of 1914, the jury, after being first advised of the minimum and maximum punishment fixed by law, should be instructed, in case they found the defendant guilty, to fix a minimum sentence for any time, in their discretion, under the maximum and not less than the minimum sentence fixed by law, and a maximum sentence for any time, in their discretion, greater than the minimum sentence but not more than the maximum punishment fixed by law. In other words, under the indeterminate sentence law of 1914, the verdict of the jury must fix a minimum and a maximum sentence, and the judgment must conform to the verdict.

But here the verdict and the judgment ignored the statute, by fixing appellant's punishment at five years' imprisonment

For this error, if for no other, the judgment of the trial court will have to be reversed.

2. In view, however, of the fact that the case may be tried again, it becomes necessary to pass upon the sufficiency of the indictment.

The statute covers two offenses; one, where the offender makes a false written statement respecting his own financial condition and ability, and the other where he makes a like statement respecting the financial condition and ability of some other person, firm or corporation. And, to constitute the last named offense, the statute qualifies the offender's action by making it an offense only in case the false statement is made respecting the financial condition of a person, firm or corporation in which he is interested, or for which he is acting.

It will be observed that the indictment before us is drawn under the first clause of the statute, and charges appellant with having unlawfully made a false statement in writing respecting his own financial condition and means for the purpose of procuring money for himself.

But, in setting forth the facts which constituted the false statement, the indictment fails to show there was any representation of appellant's financial condition or ability.

In speaking of the requisites of an indictment for a false pretense, Roberson's Kentucky Criminal Law and Procedure, Sec. 484, says:

"The indictment, being upon a statute, should conform to the statutory terms. It must contain all the material facts and circumstances necessary to be proved upon the trial in order to convict. It is not sufficient to charge that the defendant obtained the goods or money by false pretenses; the false pretenses must be set out, so that the court can determine whether they come within the statute, and give the defendant notice of what he is to answer. And some care must be observed in setting forth the pretenses, because they must be proved as laid."

It was necessary, therefore, for the indictment to set forth the acts of appellant which constituted the alleged false statement in order that the court might determine whether they came within the statute, and to give the defendant notice of what he should answer. But, in doing this, the indictment wholly fails to charge that appellant made any statement concerning his own financial condition and ability, or for the purpose of procuring the delivery of money to himself. At most, the telegram, which is the basis of the charge, relates alone to Patrick's financial condition; it nowhere refers to appellant's financial condition and ability, which is the gravamen of the charge.

The demurrer to the indictment should have been sustained.

Judgment reversed.