## Stephens v. Commonwealth.

(Decided April 23, 1915.)

### Appeal from McCreary Circuit Court.

1. Indictment.—An indictment which charges defendants did unlawfully, willfully and feloniously take, steal and carry away and convert to their own use, hogs of greater value than $4.00 belonging to John R. Perry and others to the grand jurors unknown, charges more than one offense and is bad on demurrer.

2. Indictment.—An indictment should charge but one offense and the evidence should be confined to that offense.

3. Criminal Law—Indeterminate Sentence Law—Verdict.—A verdict fixing a sentence for hog stealing at "not less than one year and not more than one year in the state prison" does not conform to the indeterminate sentence law.

4. Criminal Law—Indeterminate Sentence Law—Punishment—Power of Court.—Where the jury returns a verdict fixing the defendant's punishment at not less than one year and not more than one year in the state prison, the trial court is without power to increase the maximum punishment to two years.

5.   Criminal Law—Indeterminate Sentence Law—Improper Verdict—
     Practice.—Where the verdict of the jury does not conform to the
     indeterminate sentence law, the proper practice is for the court
     not to receive the verdict, but to instruct the jury to retire to
     the jury room and agree, if they can, on a verdict in conformity
     with the law.

STEPHENS & STEELY and JOHN SAMPSON for appellant.

JAMES GARNETT, Attorney General, and R. T. CALDWELL,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Reversing..

Defendant, Nelson Stephens, was tried and convicted
of the offense of hog stealing and given an indeterminate
sentence of from one to two years in the penitentiary.
He appeals.

In brief, the evidence is as follows: Mary Jane Per-
kins, a daughter of defendant, testified that defendant
killed a hog with a shotgun in the year 1913. The hog
weighed about fifty pounds. Defendant skinned the hog
and brought it to the house ready to eat. The defendant
owned a sow and some pigs. These were all the hogs
that defendant owned to her knowledge. She did not
know to whom the hog her father killed belonged. All
of her life she had been used to seeing her father bring
hogs home under the same circumstances. Ollie Steph-
ens, another daughter of the defendant, testified that
her father killed another hog about four years before
she testified. Her father skinned it and the family ate
it up. Lee Perkins, a son-in-law of defendant, testified
that in the fall of 1913 he saw some meat in a tub in the
loft of defendant's house. It was skinned meat. On
cross-examination of these and other witnesses it devel-
oped that there had been some trouble between defend-
ant and Perkins and Chris King, with whom Ollie Steph-
ens lived. The parties all met at King's and King's
wife wrote out the statement which they were to make
when they went before the grand jury. They afterwards
went before the grand jury and had defendant indicted.

Defendant testified that he owned a hog in the year
1913 which had been bitten by the dogs. He shot the
hog and skinned it because it had been bitten. He had
three hogs besides the sow and pigs. The hog he killed

was one of his hogs. It has his mark on it. It did not belong to anyone else.

It is first insisted that the indictment is defective. The indictment is as follows:

"The Grand Jury of McCreary County, in the name and by the authority of the Commonwealth of Kentucky, accuse Nelse Stephens, Jim Stephens and Lige Stephens of the crime of hog stealing.

"Committed in manner and form as follows, viz: The said Nelse Stephens, Jim Stephens and Lige Stephens on the 29th day of October, 1914, before the finding of this indictment and in the county and State aforesaid, did unlawfully, wilfully, and feloniously take, steal and carry away and convert to their own use hogs of greater value than $4.00 belonging to John R. Perry and others to the Grand Jurors unknown, without consent of owner, against the peace and dignity of the Commonwealth of Kentucky."

It will be observed that the indictment charges the defendant and others with stealing "hogs of greater value than $4.00 belonging to John R. Perry and others to the grand jurors unknown." The indictment does not charge that the hogs were stolen at one time or that they were the joint property of John R. Perry and others to the grand jurors unknown. If this indictment were sufficient, the Commonwealth might show that the defendants at different times stole different hogs belonging to John R. Perry and at different times stole hogs belonging to others to the grand jurors unknown. That this is the proper interpretation of the indictment is shown by the fact that the Commonwealth introduced evidence to the effect that the defendant, Nelse Stephens, killed and stole one hog in the year 1913, and also another hog some years prior thereto. With the exception of certain offenses mentioned in Section 127 of the Criminal Code, Section 126 of the Criminal Code provides that an indictment must charge but one offense, unless the offense be one which may have been committed in different modes and by different means, in which event the indictment may allege the modes and means in the alternative. Where the case does not fall within any of the exceptions above mentioned, an indictment that charges more than one offence is bad. Ellis v. Com., 78 Ky., 130; Messer v. Com., 26 Ky. Law Rep., 40, 80 S. W., 489. Clearly the indictment under consideration charges more than one of-

fense, and is, therefore, insufficient. The trial court should have sustained the demurrer thereto. It should have charged but one offense and the evidence should have been confined to the offense so charged.

Under Section 1196 of the Kentucky Statutes (1915) it is a felony to steal a hog of the value of four dollars or more, the punishment being confinement in the penitentiary for not less than one nor more than five years. The offense of stealing a hog of less value than four dollars is petit larceny. Section 1243 Kentucky Statutes (1915). Where evidence as to the value of the hog is conflicting the court should instruct under both sections.

The court told the jury, in the event they found defendant guilty of hog stealing, to fix his punishment at an indeterminate period in the State penitentiary of not less than one year and not more than five years, and state in their verdict the lowest and highest number of years he should be required to serve. The jury returned the following verdict:

"We, the jury, do agree and find the defendant, Nelse Stephens, guilty, and fix his punishment at not less than one year and not more that one year in the State prison."

Thereupon, the court sentenced the defendant to the penitentiary for a period of not less than one year nor more than two years. Section 1136 of the Kentucky Statutes (1915) is in part as follows:

"1136. Indeterminate Sentence Law—When Jury to Fix Penalty—Hard Labor Provision.—That the jury by which an offender, indicted for a felony, is tried shall ascertain only whether or not said person is guilty of the offense charged; if said person shall be found by the jury guilty of a felony, the jury shall so state in its verdict; and, if the indictment under which he is prosecuted charges an offense consisting of more than one degree, the jury shall find and in the verdict say of what degree they find him guilty. If the jury find the defendant guilty, they shall fix and render against the defendant an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in such verdict the minimum and maximum limits thereof, but the said minimum time shall not be less than the minimum time, nor the maximum time greater than the maximum time, of imprisonment prescribed by law for the punishment of the offense stated in the verdict, and, as the maximum time of imprisonment, the term now or

hereafter prescribed by law as the maximum term of imprisonment for the punishment of such offense, and thereupon the court shall render a judgment in conformity with such verdict. Provided, however, in the trial of persons charged with the commission of a felony punishable by death or confinement in the penitentiary for life, if said person is found guilty by the jury, it shall also prescribe in its verdict the punishment allowed or required by law and the court trying said offender shall pronounce upon such person a sentence of death or imprisonment for life, according to the verdict of the jury. A person sentenced to life imprisonment under the provisions of this act may be paroled under such conditions or on such terms as may be now or hereafter prescribed by law.''

It will be observed that under the foregoing section it is the duty of the jury to fix and render against the defendant, in a case like the one under consideration, ''an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in such verdict the minimum and maximum limits thereof, but the said minimum time shall not be less than the minimum time, nor the maximum time greater than the maximum time, of imprisonment prescribed by law for the punishment of the offense stated in the verdict.'' Thereupon it is made the duty of the court to render judgment in conformity with the verdict. For the offense of stealing a hog of the value of four dollars or more the minimum punishment is one year and the maximum punishment five years. In construing the above section it has been held that a verdict of not less than one year nor more than one year and one day is indeterminate within the meaning of the statute. Harris v. Com., 163 Ky., 781. In the case under consideration the verdict makes the minimum and maximum punishment the same. The punishment thus fixed is not ''indeterminate'' or ''for an indefinite term.'' It follows that the verdict complained of does not conform either to the letter or spirit of the indeterminate sentence law. Not only so, but the trial court was without authority to extend the punishment fixed by the verdict. It is his duty to render judgment in conformity with the verdict. In a case like this, where the verdict of the jury does not meet the requirements of the indeterminate sentence law, the proper practice is not to receive the ver-

dict, but to instruct the jury to retire to the jury room and agree, if they can, upon a verdict and put it in proper form.

Judgment reversed and cause remanded for proceedings consistent with this opinion.