## Bordors v. Commonwealth.

(Decided April 27, 1915.)

### Appeal from Boyd Circuit Court.

Criminal Law.—Under the indeterminate sentence law, the verdict of the jury must fix a minimum and maximum sentence, and the judgment must conform to the verdict.

JAMES H. POLSGROVE for appellant.

JAMES GARNETT, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

In January, of this year, the appellant, M. F. Bordors, was tried and convicted as an accessory to the wilful and malicious shooting with intent to kill of one Harry Dingman. The offense was committed on the 17th day of June, 1914, and he was indicted September 18th, 1914. On appeal he complains that the verdict and judgment were in conflict with the indeterminate sentence law, which became effective March 17th, 1914, and is now Section 1136, Kentucky Statutes.

The following verdict was returned:

"We, the jury, agree and find the defendant, W. F. Bordors, guilty under instruction No. 1, and fix his penalty at two years in the penitentiary."

And this judgment was thereupon entered:

"It is the judgment of the court that the defendant, M. F. Bordors, be taken by the sheriff of Boyd County to the State penitentiary at Frankfort, and there confined at hard labor for a term of two years."

This is not in accordance with the indeterminate sentence law. This question was decided in the cases of Biggs v. Commonwealth, 162 Ky., 103; Day v. Commonwealth, 162 Ky., 768; Adams v. Commonwealth, 164 Ky., 148; Stephens v. Commonwealth, 164 Ky., 265.

As in the Day case, the verdict and judgment in the case at bar disregards the plain letter of the indeterminate sentence law. The verdict did not fix an indeterminate sentence, and the court in entering the judgment simply followed the verdict.

For the reasons stated, and on the authority cited, the judgment is reversed and the case remanded for a new trial.