## George Anderson & Company, et al. v. Tegart, et al.

(Decided May 11, 1915.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Constructive Service—Filing of Transcript.—
Where an appeal was granted by the Clerk of the Court of Ap-

peals, and the appellees are only constructively summoned to appear to the appeal, the appellant is required to file a transcript of the entire record; if he file a transcript of only a part of the record, the appeal will be dismissed.

2. Appeal and Error—Constructive Service—Filing of Transcript.— Upon a motion to dismiss an appeal granted by the Clerk of the Court of Appeals against appellees who have been constructively summoned only, upon the ground that the appellant has filed a transcript of only a part of the record, the court will treat the certificate of the circuit court clerk stating that only a part of the record has been copied into the transcript as conclusive of that question.

M. M. LOGAN, LOGAN & HAZELIP and GARDNER & JONES for appellants.

T. W. & R. C. P. THOMAS for appellees, Tegart and Second National Bank of New Albany, Indiana.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Dismissing appeal.

This is an appeal granted October 2nd, 1914, by the clerk of this court, from a judgment of the Warren Circuit Court, entered at its February term, 1914. A former appeal granted by the lower court against the same appellees, John F. Tegart and the Second National Bank, of New Albany, Indiana, was dismissed on September 24th, 1914, by this court, because the schedule for the record was not filed in the clerk's office of the circuit court within 90 days after the appeal was granted.

The appellees, John F. Tegart and the Second National Bank, of New Albany, are non-residents of the State of Kentucky, and have been only constructively summoned to answer this appeal. The question now presented for decision is, whether this appeal should be dismissed for the failure of the appellants to bring up the entire record.

Sub-sections 5 and 6 of section 737 of the Civil Code of Practice read as follows:

"5. If an appeal be granted by the clerk of the Court of Appeals, and if the appellees be actually summoned to appear to the appeal; or, if being *femes covert* or free from disability, they enter their appearance to the appeal, the appellant may order a transcript of the entire record or of parts thereof.

"6. In all other cases in which an appeal is granted by the clerk of the Court of Appeals, the appellant shall order a transcript of the entire record."

As the appeal was granted by the clerk of this court, and the appellees have not been actually summoned to appear to the appeal, it is clear from a reading of the statutes, *supra,* that appellants should file a transcript of the entire record.

Appellants concede this to be true, but insist that they have complied with the code provisions, *supra,* by filing the entire record, in so far as it affects the appellants and these non-resident appellees.

Appellants' schedule directed the clerk of the Warren Circuit Court to make a transcript of certain parts only of the record, and. specified the petition of John F. Tegart; the answer and all the pleadings concerning the claims of the appellants; the contract for the purchase of the quarry property by Tegart and the deed by which he obtained title; the mortgage executed by the Victoria Limestone Company to Tegart; the commissioner's report on assets, liabilities and preferred claims; the exceptions to said report; the agreed order to read interrogatories and answers, propounded to the appellee Starkweather; the statement prepared by Starkweather purporting to show the financial condition of the company; the inventory of property; and all depositions and exceptions taken and filed in the action.

The circuit clerk certifies that the record before us contains a complete transcript of those parts of the record ordered by the schedule, as above shown; it does not show that the entire record is here.

Is this record a sufficient compliance with the provisions of the code, *supra?*

We do not so understand these statutory provisions. Their meaning is free from doubt. They expressly require the appellant to bring up the entire record in a case where the appeal is granted by this court, and the appellees have not been actually summoned. We can not say from the certificate of the clerk that the entire record is here. On the contrary, the certificate of the clerk clearly shows that only parts of the record have been copied; and by that we, of necessity, must be guided.

Under this state of case the appeal should be dismissed.

It is so ordered.