## Hopkins, et al. v. Commonwealth.

(Decided June 9, 1915.)

## Appeal from Madison Circuit Court.

1. Criminal Law—Indeterminate Sentence—Jury Must Fix Sentence.—Under the indeterminate sentence law of 1914 (Ky. Sts., Sec. 1136), the verdict of the jury must fix the minimum and maximum sentence in case the defendant is found guilty, and the judgment must conform to the verdict.

2. Criminal Law—VerdictMust Fix Sentence.—The failure of the verdict finding a defendant guilty of manslaughter, to fix a minimum and maximum sentence as required by the indeterminate sentence law of 1914 (Ky. Sts., Sec. 1136), constitutes a reversible error.

CHENAULT, WALLACE & WALLACE and A. C. WEBB for appellants.

JAMES GARNETT, Attorney General, and R. T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Reversing.

The appellants, William Hopkins and Henry Hopkins, were convicted of manslaughter, committed in October, 1914, since the present indeterminate sentence law became effective. Ky. Stats. (Ed. 1915), sec. 1136. That statute provides that if the jury find the defendant guilty, they shall fix and render against him an indeterminate sentence or judgment of imprisonment in the penitentiary for an indefinite term, stating in the verdict the minimum and maximum limits thereof, and that the court shall render a judgment in conformity with such verdict.

In these cases both appellants were found guilty, but the punishment of Will Hopkins was fixed at seven years confinement in the penitentiary, and the punishment of Henry Hopkins was fixed at twenty-one years in the penitentiary.

The judgments followed the verdicts by committing the appellants to confinement in the penitentiary for the periods of seven and twenty-one years, respectively. The defendants appeal.

It needs no explanation or discussion to show that neither the verdicts nor the judgments conform to the statute; and that the ignoring of the statute constituted a reversible error in each case. It was so decided in Biggs v. Commonwealth, 162 Ky., 103; Day v. Commonwealth, 162 Ky., 768; Adams v. Commonwealth, 164 Ky., 148; Gardner v. Commonwealth, 164 Ky., 196; Mearns v. Commonwealth, 164 Ky., 217; Stephens v. Commonwealth, 164 Ky., 265; Borders v. Commonwealth, 164 Ky., 344; and in Carroll v. Commonwealth, 164 Ky., 605.

The judgment in each case is reversed and the cases are remanded for further proceedings.