## Klette v. Commonwealth.

(Decided June 15, 1915.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

1. Larceny—Instructions.—Where the undisputed evidence shows the value of the stolen property to be in excess of twenty dollars, the court is not required to instruct on petty larceny.

2. Criminal Law—Verdict—Indeterminate Sentence.—A verdict fixing defendant's punishment at not less than one year nor more than one year in the penitentiary, does not fix an indefinite sentence within the purview of the Indeterminate Sentence Law, Kentucky Statutes, Section 1136.

3. Criminal Law—Indeterminate Sentence Law—Instructions.—A form of instruction for offenses punished by an indeterminate sentence is herein indicated.

STEPHENS L. BLAKELY, JOHN T. KLETTE and MAURICE L. GALVIN for appellant.

JAMES GARNETT, Attorney General, and ROBERT T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Appellant was indicted, tried and convicted of the crime of grand larceny in the Kenton Circuit Court. The indictment charged him with the stealing of a cow from one Paul Flynn.

1. The jury returned a verdict fixing appellant's punishment "at not less than two years nor more than two years in the penitentiary." This verdict cannot stand.

In Stephens v. Commonwealth, 164 Ky., 265, the jury returned a verdict fixing appellant's punishment at not less than one nor more than one year in the penitentiary; and this court said:

"In the case under consideration, the verdict makes the minimum and maximum punishment the same. The

punishment thus fixed is not 'indeterminate' or for an 'indeterminate term.' It follows that the verdict complained of does not conform either to the letter or spirit of the Indeterminate Sentence Law. * * * In a case like this, where the verdict of the jury does not meet the requirements of the Indeterminate Sentence Law, the proper practice is not to receive the verdict, but to instruct the jury to retire to the jury room and agree, if they can, upon a verdict and put it in proper form." See also Biggs v. Commonwealth, 162 Ky., 104; Adams v. Commonwealth, 164 Ky., 148; Day v. Commonwealth, 162 Ky., 767. The appellant must, therefore, have a new trial.

It may be that the instruction in respect of the indeterminate sentence feature was not sufficiently clear; and, upon another trial, the court will give the following:

"If the jury believe from the evidence beyond a reasonable doubt that the defendant, in Kenton County, Kentucky, before the finding of the indictment herein, did unlawfully take, steal and drive away one red cow with three teats, the personal property of Paul W. Flynn, of the value of twenty dollars or more, with the felonious and fraudulent intent then and there of converting the said cow to his own use and of permanently depriving the said owner of his property therein without his consent, they will find the defendant guilty of grand larceny and fix his punishment at confinement in the penitentiary for an indefinite term, to be fixed by the jury and stated in the verdict, fixing the minimum or shortest period of said sentence for any time in the discretion of the jury, so that it be less than the maximum so fixed by them, but not less than one year; and fixing the maximum or longest period of said sentence for any time in their discretion, so that it be more than the minimum so fixed by the jury, but not more than five years."

2. It is also contended by appellant that the trial court erred in failing to give an instruction on petty larceny. The prosecuting witness testified that the cow was of the value of sixty dollars. The defendant himself admitted that the cow was worth about thirty dollars, and no witness placed any lower valuation on the stolen property. There was, therefore, no evidence upon which to base an instruction on petty larceny.

Judgment reversed.