## Kinser v. Commonwealth.

(Decided October 25, 1918.)

## Appeal from Lawrence Circuit Court.

1. Bigamy—Nature and Elements of Offense.—The crime denounced by section 1216, Kentucky Statutes, is committed· by the ·act of marrying, and not by living as husband or wife with the person, whom, he or she marries, in a bigamous marriage.

2. Criminal Law—Law in Force When Crime Committed.—Where a crime is committed, while the law of 1910, which prescribes· the manner of meting out punishment to the offender, is in force, but, he is not indicted nor tried until after the repeal of the law of 1910, the trial should be conducted and the punishment imposed as provided by the law, in force at the time the crime is committed, unless the new law mitigates the punishment, and the offender consents to the application of the new law, as provided by section 465 Kentucky Statutes.

C. F. SEE, JR., and N. T. CAIN for appellant.

CHARLES H. MORRIS, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, JOHN M. WAUGH, Commonwealth Attorney, and D. L. THOMPSON for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, L. L. Kinser, was indicted, in the Lawrence circuit court, at its June term, 1918, for the crime of bigamy. The indictment substantially alleged that having a living wife, to whom, he was married, in the state of Tennessee, on the 3d day of March, 1898, and whose name at the time, he married her was Lizzie Harvey, did unlawfully and feloniously marry. Ida L. Smith, in Lawrence county, on the 5th day of July, 1913. Upon his trial upon this indictment he was found guilty, by the jury, and his penalty fixed, at confinement in the penitentiary for the period of seven years, and judgment was rendered accordingly. His motion for a new trial having been overruled, he has appealed to this court.

A number of grounds for a reversal of the judgment are relied upon, but it does not appear, that any error prejudicial to his substantial rights was made upon the trial, except in the instructions to the jury, with reference to the imposition of a penalty, in the event, the jury should find him to be guilty, as charged in the indict-

ment. The instruction authorized the jury, if it found the appellant to be guilty, to, also, fix by its verdict the penalty to be imposed upon him, and which it should fix at confinement in the penitentiary for a period of not less than three years and not more than nine years, in its discretion. The jury having found the appellant, guilty, as charged in the indictment, fixed the penalty, at confinement for seven years, as stated, heretofore, and the court in accordance with the verdict sentenced him to confinement in the state reformatory, at hard labor, for that period of time. The appellant insists, that the crime, having been committed before the enactment of the present statute regulating the punishment in such cases, and authorizing the jury to fix the penalty, he was entitled to be tried, and punishment meted out to him, if guilty, as was provided by law, at the time, the crime was committed. The statute denouncing the crime for which appellant was convicted is section 1216, Ky. Stats., which is as follows:

"Whoever, being married, the first husband or wife, as the case may be, being alive, shall marry any person, shall be confined in the penitentiary not less than three nor more than nine years. . . ." It is very clear that the crime denounced by this statute, is the act of marrying another person, when the party has a living husband or wife, and is not committed by the party, guilty of a bigamous marriage, thereafter, residing with the other party to the marriage as a husband or as a wife. Such was the construction placed upon the statute in Johnson v. Commonwealth, 86 Ky. 122.

The indictment charges and the proof offered upon the trial shows, that appellant committed the crime, for which he is indicted, on the 5th day of July, 1913. At that time, the law regulating the manner of fixing punishment upon such as shall be found guilty of felonies, and defining the province of the jury, in such cases, was embraced by the statute, which was enacted by the General Assembly, on the 7th day of March, 1910, as amended by an act of the Assembly, enacted on March 20, 1912. By the terms of that statute, which remained in force, until in the year, 1914, where an offender, who was indicetd for a felony, which was not punishable by death or confinement in the penitentiary for life, the question of his guilt, alone, was submitted to the jury,

and the jury was not authorized to do more than to make and return a verdict, finding the prisoner either guilty or not guilty, and it was then the province of the court to adjudge, what the punishment should be if the finding was guilty. It became the duty of the court to pronounce an indeterminate sentence of confinement in the penitentiary, and to state in the judgment the minimum and maximum limits of the imprisonment. The court was required by the statutes to fix the minimum period of imprisonment at the minimum term prescribed by law for punishment for the crime, and the maximum time of imprisonment, the term prescribed by law as the maximum term of imprisonment for the punishment of the crime. Hence, in the instant case, the court should have submitted to the jury, under proper instructions, the question of appellant's guilt or innocence, only, and if the verdict was guilty, the court should have fixed his punishment at imprisonment in the penitentiary, for an indeterminate term of not less than three nor more than nine years.

Section 465, Ky. Stats., provides: "If any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, by consent of the party affected, be applied to any judgment pronounced after the new law takes effect." In the instant case, however, it can not be said that the punishment under the present law, in anywise mitigates the punishment, under the law which was in force when the crime was committed, and besides, the present law could not be applied, without the consent of appellant. In Coleman v. Commonwealth, 160 Ky. 87, where an offender, whose offense was committed, when the law of 1910, was in force, but, who was indicted and tried, after that law was repealed, and the one of 1914, relating to the subject, was enacted, this court held, that the one in force at the time, his offense was committed, should be applied, and said: "Confusion and uncertainty will be avoided when the statute in force when the offense is committed is followed, as it should be, unless the punishment is definitely mitigated by the new law and the accused consents, as provided in section 465, that judgment may be pronounced under the new law." This view has been consistently upheld by this court Gardner, v. Com., 164 Ky. 196; Biggs v. Com., 162 Ky. 103; Day v. Com., 162

Ky. 767; Dial v. Com., 142 Ky. 32; Miller v. Com., 154 Ky. 201; Hunn v. Com., 143 Ky. 143.

The judgment is therefore reversed and cause remanded for proceedings consistent with this opinion.