## Earl v. Commonwealth.

(Decided April 22, 1924.)

## Appeal from Harlan Circuit Court.

1.  Criminal Law—Defendant Must Consent to Mitigating Change in Punishment.—A defendant may claim the right to a mitigating change in the punishment provided for an offense by statute passed after the commission of the offense only by virtue of the concluding sentence of Ky. Stats., section 465, and it must appear from the record that he consented to the same.

2.  Criminal Law—Necessary for Court to Require Commonwealth to Select Act Complained of as Statutory Rape.—In prosecution for statutory rape, where prosecutrix testified to numerous sexual acts, the court erred in not requiring the Commonwealth to select one certain time at which defendant was alleged to have committed the offense and to rely upon that selection for a conviction, or in not treating as an election the first act proved by the Commonwealth.

3.  Criminal Law—Other Acts Permissible Only in Corroboration.—In prosecution for statutory rape, testimony as to other acts of sexual intercourse between prosecutrix and defendant other than that relied on for conviction is permissible only in corroboration.

4.  Criminal Law—Instruction Should Limit Jury to Consideration of Particular Act Relied on for Conviction.—In a prosecution for statutory rape where there was evidence of numerous sexual acts, instructions should have limited the jury to a consideration of the particular act relied on for conviction.

5.  Criminal Law—Instruction as to Punishment Should Take Into Consideration Statute Changing Punishment.—In prosecution for statutory rape, where prosecuting witness testified to acts constituting the offense both prior and subsequent to the taking effect of Acts 1922, chapter 17, changing minimum punishment, and under the instructions the jury may have convicted the defendant for one of the acts constituting the offense which occurred subsequent to the taking effect of the act, the instructions should have fixed the minimum penalty at five instead of ten years.

LYTTLE & MORGAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Reversing.

The appellant, Grover Earl, was indicted by the grand jury of Harlan county at the August term, 1922, of the Harlan circuit court, charged with having car-

nally known a female under the age of sixteen years. He was tried at the same term of court, on the 6th day of September, and was found guilty and his punishment fixed at confinement in the penitentiary for ten years. His motion for a new trial having been overruled, he prosecutes this appeal, seeking a reversal upon the several grounds set forth in his motion for a new trial.

Two grounds for a reversal are relied upon by the appellant, as his contentions are presented to this court by the brief of his counsel, which are sufficiently covered by the grounds for a new trial to be considered here. The first relates to the misconduct of the trial court in forcing the appellant into trial before his counsel had had proper opportunity to prepare the case. It will be unnecessary, however, to consider this question as the conclusion reached on other questions will afford adequate relief.

2. It is urged for the appellant that the crime for which he was convicted occurred prior to the enactment of chapter 17, Acts of 1922; that by this act the minimum penalty provided for this crime was reduced from ten to five years; that the trial of the charge was not had until after the act became effective; that therefore the defendant should have been given the benefit of the mitigating change in the punishment; and that for failing so to do in the instructions given the jury the court below erred to the prejudice of his substantial rights.

A defendant may claim the right to a mitigating change in the punishment provided for an offense only by virtue of the concluding sentence of section 465, Kentucky Statutes. It reads: ''If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may by the consent of the party affected be applied to any judgment pronounced after the new law takes effect.''

It will be observed that by the express provision of this statute its benefits are available to a defendant only when he *consents* to same. Construing this section of the statutes, in the case of Cockerell v. Commonwealth, 115 Ky. 296, this court said:

> ''In view of the imprisonment that may be imposed under the statute as amended and which was not permitted to be inflicted under the former statute, it may well be doubted whether the new law

mitigates the punishment provided by the former statute. At any rate, it can not be said that the appellant was prejudiced by the failure of the lower court to instruct the jury to inflict the penalty found in the amendment or new law, as that could not have been done without the consent of appellant, and such consent is not disclosed by the record."

It will thus be seen that this court has held that to obtain the benefit of the lesser punishment it must appear from the record that the defendant consented to same. See also Coleman v. Commonwealth, 160 Ky. 87, 169 S. W. 595, and Kinser v. Commonwealth, 181 Ky. 727, 205 S. W. 951. The record in the case now under consideration does not disclose that the defendant consented to have the jury instructed under the new law. Hence, we conclude that it was not prejudicial error on the part of the trial court to instruct under the old law.

3. We find in the record, however, a more serious question than either of those above discussed. Upon the trial of this case the prosecuting witness was permitted to testify to repeated acts by the appellant constituting the crime charged in the indictment and that they had occurred both in Harlan county and elsewhere. It appears from her testimony that they occurred from time to time while the witness resided both at Coxton and at Wallins creek in Harlan county. She testified that she lived at Coxton from November, 1921, until April, 1922, and that she lived at Wallins creek from April, 1922, until the date of the trial, which occurred in September, 1922.

The Commonwealth was not required to elect before or at any time during the trial of the case which one of the acts constituting this crime it would rely upon for a conviction. It has been uniformly held by this court that in cases of this kind it is necessary for the court to require the Commonwealth to select one certain time at which the defendant is alleged to have committed the offense and to rely upon that selection for a conviction, and that the testimony as to other similar acts is permissible only in corroboration. Smith, etc. v. Commonwealth, 109 Ky. 687, 60 S. W. 531; Newsom v. Commonwealth, 145 Ky. 628, 140 S. W. 1042; McCreary v. Commonwealth, 158 Ky. 614, 165 S. W. 981.

Upon the second appeal of the McCreary case above, which will be found in 163 Ky. 208, this court said:

"Upon this trial the Commonwealth's attorney, neither before the trial commenced nor at any time during the progress of the trial, made any formal election of the particular act of sexual intercourse, which was had with the girl by the appellant, as the occurrence upon which he would rely for conviction, and as being the one charged in the indictment.

"The trial court, however, gave instructions directing the jury to find appellant guilty of the first act of sexual intercourse with the witness, if it should believe him to be guilty of that charge to the exclusion of a reasonable doubt, and confined the jury in its finding to that particular act. The court also admonished the jury that it could consider the proof of other acts of sexual intercourse given in the evidence, and subsequent to the first one, only for the purpose of corroborating the evidence conducing to show appellant guilty of the first act, if it did tend to corroborate, and for no other purpose. In this the trial court seems to have been correct, as upon a trial upon a charge of this kind, and under an indictment such as in this case, and where different acts of sexual intercourse between the defendant and the complaining witness are in evidence, and the attorney for the Commonwealth fails to formally make an election as to which one of the acts he will rely upon for conviction, the law will make an election for him, and will elect the act about which substantive proof is first introduced for the purpose of a conviction."

It follows that the court below either should have required the Commonwealth to elect the particular act of carnal knowledge upon which it would rely for a conviction or should have treated as an election the first act proved by the Commonwealth. The instructions should have limited the jury to a consideration of the particular act so selected.

The following is the instruction given:

"If the jury believe from all the evidence in this case to the exclusion of every reasonable doubt that the defendant, Grover Earl, in Harlan county, Kentucky, before the finding of this indictment, he being a male person, unlawfully and feloniously, carnally

knew and had sexual intercourse with Mazie Earl, who was then and there a female infant under the age of sixteen years, then the jury will find the defendant guilty as charged in the indictment and fix his punishment at confinement in the penitentiary for a period of not less than ten years and not exceeding twenty years in their discretion.''

This instruction does not limit the jury to any particular act of sexual intercourse by appellant with the prosecuting witness to authorize it to find a verdict. Clearly, it is erroneous and prejudicially so.

By the instruction given the jury was authorized to convict the defendant for any act constituting the offense which occurred prior to the finding of the indictment. The indictment was found in August, 1922. The new act reducing the minimum punishment became effective in June, 1922. The prosecuting witness testified to acts constituting the offense both prior and subsequent to the taking effect of the act of 1922. Under the instruction, as given, the jury may have convicted the appellant for one of the acts constituting the offense which occurred subsequent to the date when the new act took effect. For this reason the instruction should have fixed the minimum penalty at five instead of ten years.

Upon another trial of this case the court will require the Commonwealth to elect the particular act of sexual intercourse upon which it will rely for a conviction, and the instructions will be confined to the particular act so selected. The Commonwealth may prove other acts of sexual intercourse in corroboration of the act relied upon. The court, however, will admonish the jury with reference thereto in accordance with this opinion.

For the foregoing reasons the judgment is reversed with directions that the appellant be granted a new trial and for further proceedings consistent herewith.