MARGIE WILLIAMS DODD v. STATE OF NORTH CAROLINA

No. 8127SC797

(Filed 2 March 1982)

1. **Extradition § 1— grant of extradition—scope of judicial review**

   Once the governor of the asylum state has granted extradition, the scope of review of the court considering release on habeas corpus is limited to deciding (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. Art. IV, § 2, Cl. 2 of the U.S. Constitution.

2. **Extradition § 1— charge of crime in indictment—law of demanding state**

   The law of the demanding state furnishes the test of whether the indictment has substantially charged a crime, and an indictment charging the petitioner with making a false statement to obtain a credit card substantially charged the petitioner with a crime in Kentucky, the demanding state.

3. **Extradition § 1— person named in extradition papers—burden of proof**

   The State did not have the burden of proving beyond a reasonable doubt in an extradition hearing that the petitioner was the person charged in the indictments in the demanding state; rather, petitioner had the burden of showing beyond a reasonable doubt that she was not the person named in the extradition papers.

4. **Extradition § 1— extradition hearing—identification testimony—no necessity for voir dire**

   The trial court in an extradition hearing did not err in allowing in-court identification testimony without conducting a voir dire to determine the admissibility of such testimony since an extradition hearing is a summary proceeding heard without a jury, and a voir dire hearing was, therefore, unnecessary.

5. **Extradition § 1— amendment of indictment—constitutionality of procedures of demanding state—no attack in extradition hearing**

    The petitioner may not challenge in an extradition hearing the constitutionality of procedures of the demanding state allowing an indictment to be amended to correct error in the name of the person charged but must do so in the courts of the demanding state.

ON certiorari to review the order of *Friday, Judge*. Judgment entered 24 April 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 11 January 1982.

The following facts, appearing in the record, are not controverted. On 23 January 1981, the Governor of the State of Kentucky issued a requisition demanding the extradition of Margie Williams Dodd. According to the requisition, Dodd was a fugitive from justice, standing charged by indictment and warrant with the crimes of making a false statement to obtain a credit card and theft by deception of over $100.00. The requisition was accompanied by indictments and bench warrants for the two offenses.

On 3 February 1981, the Governor of this State issued a warrant for the arrest of Dodd. After arrest, the petitioner, Margie Williams Dodd, filed a petition for writ of habeas corpus in which she contended, *inter alia*, that she was not the individual charged in the Kentucky indictments and that the indictments did not meet the requirements of G.S. 15A-723 of North Carolina's Uniform Criminal Extradition Act in that they did not substantially charge her with the commission of a crime. Beginning 20 February 1981, and apparently on two occasions thereafter, hearings were held on the petition, and evidence was presented by both the State and petitioner. The trial court denied the petition for writ of habeas corpus on 24 April 1981, and on 8 May 1981, this Court issued its writ of certiorari to review the trial court's order.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*McConnell, Howard, Pruett and Toth, by Rodney Shelton Toth, for the petitioner.*

---

---

VAUGHN, Judge.

[1] A person charged in any state with treason, felony, or other crime, who flees from justice and is found in another state shall, on demand of the executive authority of the state from which he fled, be delivered up, to be returned to the state having jurisdiction of the crime. U.S. CONST., art. IV, § 2, cl. 2. In *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed. 2d 521 (1978), the Supreme Court clearly established that, once the governor of the asylum state has granted extradition, the scope of review of the court considering release on habeas corpus is limited to deciding (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. The hearing conducted by the court is intended to be a summary proceeding. *Id.*

In the present case, the petitioner's first contention is that the trial court erred in determining that the two Kentucky indictments substantially charged petitioner with crimes. Petitioner argues that, in the indictment alleging that petitioner committed the crime of theft by deception of over $100.00, the State of Kentucky failed to allege that the petitioner had *intentionally* issued a check knowing that it would not be honored by the drawee. As to the indictment charging the petitioner with making a false statement to obtain a credit card, petitioner contends that the State of Kentucky failed to set forth the particular false statement which the defendant allegedly made.

[2] The law of the demanding state, *i.e.* Kentucky, furnishes the test of whether the indictment has substantially charged a crime. *In re Bailey*, 203 N.C. 362, 166 S.E. 165 (1932), *rev'd. on other grounds, South Carolina v. Bailey*, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933). Under the Kentucky Rules of Criminal Procedure, an indictment must contain a plain, concise and definite statement of the essential facts constituting the specific offense with which a defendant is charged. RCr 6.10(2). This rule liberalized earlier Kentucky law which required a detailed statement of the offense charged. Prior to the enactment of RCr 6.10, indictments for theft offenses had to state intent to commit the offense. *See Richards v. Commonwealth*, 195 Ky. 333, 242 S.W. 591 (1922).

We find no recent case, however, which is helpful to our determination of whether the indictment charging the petitioner with theft by deception of over $100.00 should, under the new law, include an allegation as to the petitioner's intent.

In view of our belief, however, that the second indictment substantially charges petitioner with the commission of a crime, to wit, making a false statement to obtain a credit card, we deem it unnecessary to decide whether the first indictment was sufficient under Kentucky law. In the second indictment, the petitioner contended that the State of Kentucky should have set forth the specific false statement which she made in order to obtain the credit card. The indictment as we read it tracks almost verbatim the language of the statute under which the petitioner is charged. While the petitioner cites the case of *Gardner v. Commonwealth*, 164 Ky. 196, 175 S.W. 362 (1915) for the proposition that the indictment must set forth the false statement, we find that RCr 6.10 no longer requires this statement. In *Wylie v. Commonwealth*, 556 S.W. 2d 1 (1977) (per curiam), the Supreme Court of Kentucky stated that an indictment under RCr 6.10 is sufficient if it informs the accused of the specific offense with which he is charged and does not mislead him. The court held that an indictment charging defendant with receiving stolen property (a misdemeanor) without alleging that the value of the stolen property was $100.00 or more (a felony) did not preclude conviction for felonious receipt. In *Brown v. Commonwealth*, 555 S.W. 2d 252 (1977), the Kentucky court held that, where the statute enumerated several means of murder, failure of the murder indictment to state the specific means of the murder was defective *but* sufficient to support a conviction. In the *Brown* case, the Kentucky court emphasized that defense counsel should seek a bill of particulars in order to obtain the specifics of the alleged offense.

Based on the foregoing cases interpreting RCr 6.10, we conclude that the indictment charging the petitioner with making a false statement to obtain a credit card substantially charged the petitioner with a crime in the State of Kentucky.

[3] Petitioner also contends that she was denied due process of law when the trial court found to its "reasonable satisfaction" that the petitioner was the Margie W. Dodd a/k/a Margie L. Williams charged in the Governor's warrant. Petitioner contends

that the State had the burden of proving beyond a reasonable doubt that the petitioner was the person charged in the indictments. We find, however, that petitioner had the burden of showing beyond a reasonable doubt that she was not the person named in the extradition papers. (*Cf. South Carolina v. Bailey*, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 (1933), where the Supreme Court stated that it could not approve petitioner's discharge unless it appeared from the record that petitioner succeeded in showing by clear and satisfactory evidence that he was outside the demanding state at the time of the alleged crime. "Stated otherwise, he should not have been released unless it appeared beyond reasonable doubt that he was without the . . . [demanding state] when the . . . offense was committed. . . ." *Id.* at 422, 53 S.Ct. at 671, 77 L.Ed. at 1297.) The record shows that an employee of the bank at which the petitioner allegedly gave a false statement to obtain a credit card testified at the extradition hearing and identified the petitioner as the woman who made the false statement. The petitioner attempted to counter this evidence by testifying that her husband's name was Curtis Dodd, not Richard Williams as the bank's employee had stated. The petitioner also presented several documents establishing the identity of her husband, but her evidence failed to establish beyond a reasonable doubt that she was not the person named in the indictments. Although the trial judge committed error in announcing the standard of evidence he was using, that error inured to the benefit of the petitioner and was not, therefore, prejudicial to her.

[4]  We also reject the petitioner's argument that the trial court erred by allowing the testimony of the bank's employee concerning the identity of the petitioner and by failing to conduct a *voir dire* concerning the in-court identification. The extradition hearing, being a summary proceeding, was heard without a jury. A *voir dire* hearing was, therefore, unnecessary. Had the petitioner wanted to attack the identification testimony of the witness, she could have done so adequately on cross-examination. It is obvious from the record that, although the petitioner did attack the identification made by the witness, the trial judge found petitioner to be the one charged in the indictment.

[5]  The final argument which we consider is the petitioner's contention that the court erred in not releasing the petitioner when it was clear that the indictments charging Margie L. Williams had

been amended to read Margie W. Dodd a/k/a Margie L. Williams. Kentucky RCr 6.16 specifically provides for the amendment of an indictment. Furthermore, the courts of Kentucky have held that an amendment to an indictment to correct error in the name of the person charged is a matter of form and not of substance. *Veach v. Commonwealth*, 572 S.W. 2d 417 (1978). We agree with the State that, if the petitioner wants to challenge the constitutionality of the Kentucky procedures allowing for amendment of an indictment, she must do so in the Kentucky courts.

Petitioner presents one additional argument related to the indictment for theft by deception of over $100.00. Since we are basing our decision only on the question of the indictment charging the crime of making a false statement to obtain a credit card, we find no need to address this contention.

The order of the trial court is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.