CASE 85—INDICTMENT—JUNE 11, 1881.

## Evans v. The Commonwealth.

APPEAL FROM LAUREL CIRCUIT COURT.

1. The statute under which appellant was indicted is intended to punish a person who detains a female against her will for the purpose of having carnal knowledge of her, and to create an offense less than that of rape.

2. It was for the jury to decide upon the credibility of witnesses.

3. There is no error in the instructions.

W. H. RANDALL AND R. L. EWELL FOR APPELLANT.

1. The taking and detaining contemplated by the statute is the abduction or detaining where the wrong-doer actually takes or detains a woman against her will, having her completely under his control, with intent to have carnal knowledge of her.

Evans v. The Commonwealth.

2. The instructions given against the objections are not the law. (Crim. Code, secs. 225 and 340.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The whole argument of appellant's counsel is that the legislature did not mean what it plainly said. If the statute does not cover a case like this, it means nothing.

2. There is no error in the instructions.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The accused was indicted and convicted under the following statute: "Whoever shall unlawfully take or detain any woman against her will, with intent to marry such woman, or have her married to another, or with intent to have carnal knowledge with her himself, or that another shall have such knowledge, shall be confined in the penitentiary not less than two nor more than seven years."

This statute was evidently enacted to punish those who detain females against their will and consent, for the purpose of having sexual intercourse with them, and to create a lesser offense than that of rape, or an attempt to commit rape. The facts of this case have been passed upon by a jury, who were the sole judges of the guilt or innocence of the accused. He was tried by a jury of his neighbors or men of his county, and it is not to be presumed that, under the circumstances of this case, they have acted without proper deliberation, when the result of that action has been to convict the accused of a great crime. The testimony of the injured party is, that the accused overtook her on the road, riding in before her, and proposed to have sexual intercourse with her, and she refused; that he dismounted and took hold of the bridle of her horse, and wanted to take her off the horse, taking hold of her, and making the effort to pull her off. If this statement is to be believed, the accused is guilty, and was properly punished. It was with the jury

to believe or discredit the statements, and knowing the parties, they have said the statements of this witness are true. An effort was made to destroy the effect of her testimony by showing that she had made conflicting statements in regard to the matter, and also to prove she had made certain statements without first laying the foundation for the introduction of such testimony, and this proof was properly excluded. Still various witnesses were introduced and sworn, who stated that this prosecuting witness had made different statements from those made under oath. Yet the jury credited her testimony, and this court cannot revise such action ; and if the right existed, we are not prepared to say that the verdict was wrong. This statute was intended to protect females from such outrageous assaults, and the instructions given were as favorable for the appellant as the facts authorized.

Judgment affirmed.