*J. Q. Ward, J. & J. W. Rodman, J. H. Webster, Cunningham & Turney,* for appellees.

---

## COMMONWEALTH v. JAMES S. LITTRELL.

[Abstract Kentucky Law Reporter, Vol. 4—251.]

**Indictment for Assault With Intent to Ravish.**

An indictment under Gen. Stat. (1881), Ch. 29, Art. 4, § 9, is sufficient when it contains a charge that the defendant detained the prosecuting witness (naming a woman) against her will by assaulting, seizing and holding her for the space of ten minutes with the felonious intent to ravish and carnally know her.

### APPEAL FROM GALLATIN CIRCUIT COURT.

September 7, 1882.

OPINION BY JUDGE HARGIS:

General Statutes (1881), Ch. 29, Art. 4, § 9, provides that "Whoever shall unlawfully take or detain any woman against her will, * * * with intent to have carnal knowledge with her himself, * * * shall be confined in the penitentiary not less than two nor more than seven years."

The appellee is charged with having detained Sarah M. Sweeney against her will by assaulting, seizing and holding her for the space of ten minutes, with the felonious intent to ravish and carnally know her.

To the indictment a demurrer was sustained, and the commonwealth has prosecuted this appeal for a reversal of that judgment. The indictment states the facts which, if true, constitute the offense denounced by the statute quoted. Only two essential elements are required by the statute to constitute this offense: First, unlawful detention of a woman against her will. Second, the intention of having carnal knowledge with her. When these acts

concur they constitute the offense which this statute was designed to punish, as this court recently held in the case of *Evans v. Commonwealth,* 79 Ky. 414, 3 Ky. L. 30.

Wherefore, the judgment is *reversed* and cause remanded with directions to overrule the demurrer.

*P. W. Hardin, for appellant.*

*W. Montfort, for appellee.*