Case 27—Indictment for Selling Liquor in Violation of Local
Law—June 7.

# Farris v. Commonwealth.

### APPEAL FROM KNOX CIRCUIT COURT.

Defendant Convicted and Appeals. Reversed.

Indictment—Naming Offense—Intoxicating Liquors—Repeal of
Local Law—Failure to Read Indictment to Jury.

Held:  1. An indictment for selling liquor in violation of a local
law need not use the word "unlawfully," in naming the offense,
it being sufficient that, in stating the acts constituting the of-
fense, it is charged that the liquor was unlawfully sold.

2. Constitution, section 61, did not repeal local laws prohibiting the
sale of liquor; but all such laws were modified by the general
local option law, as to procedure, amount of liquor permitted to
be sold, and the penalty for selling.

3. An indictment charging that defendant did unlawfully sell "in-
toxicating spirituous, vinous, and malt liquors, and a mixture
thereof," is good as an indictment for selling spirituous, vinous,
and malt liquors in violation of a local law; and, upon proof
of that offense, defendant is subject to the penalty prescribed
therefor by Kentucky Statutes, section 2557, and not to the smal-
ler penalty prescribed by Id., section 2557a, for selling "any
beverage, liquid mixture or decoction of any kind which pro-
duces or causes intoxication."

4. An election held in a precinct of a county in which a local liquor
law was in force, resulting in a vote against the sale of liquor,
did not affect the local law, which remained in force as pre-
viously modified by the general local option law.

5. Defendant can not complain of an instruction requiring the jury,
in order to convict him, to believe that he had sold liquor with-
in five miles of a certain college in the county, as he was guilty
if he had sold liquor anywhere in the county.

6. Criminal Code Practice, section 219, requiring the indictment to
be read to the jury, is mandatory, and a total failure to comply
with the requirement is reversible error.

B. B. GOLDEN, ATTORNEY FOR APPELLANT.

This is an indictment for selling intoxicating liquors in
quantities less than five gallons, in violation of an act regulat-

ing the sale of such liquors in the counties of Knox and Whitley, approved April 15, 1884.

1. The demurrer to the indictment should have been sustained because the accusatory part thereof, to-wit, "selling intoxicating, spirituous, vinous and malt liquors and a mixture thereof in quantities less than ten gallons in manner, &c.," is not sufficient. It does not allege the sale was *unlawful*.

2 It does not charge that the sale was without a license.

3. The indictment was not read to the jury.

4. The evidence was not sufficient to support the charge. Bouvier's Dictionary, p. 614; Chitty's Cr. Law, p. 241; Ky. Stats., secs. 2557, 2557a, 2558; Galloway v. Com., 4 Ky Law Rep., 720; 5 Ky. Law Rep., 231; South v. Com., 79 Ky., 493; Bush v. Com., 20 Ky. Law Rep., 775.

ROBT. J. BRECKINRIDGE, ATTORNEY GENERAL, AND J. K. ROBERTS, FOR COMMONWEALTH.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

By an act approved April 15, 1884, entitled "An act to regulate the sale of spirituous, vinous or malt liquors, or any intoxicating beverage, in the counties of Knox and Whitley" (1 Acts 1883-84, c. 789), it is made unlawful for any person to sell, directly or indirectly, any spirituous, vinous or malt liquors, or any intoxicating beverage, in the counties of Knox and Whitley, except a druggist, in a prescribed way, and a local distiller, who "may sell spirituous, vinous, or malt liquors of his own manufacture in quantities not less than ten gallons, to be removed from his premises."　The indictment, in describing the offense, charges that the appellant did unlawfully sell "intoxicating spirituous, vinous and malt liquors, and a mixture thereof, to S. M. White, by the drink, . . ." in violation of the provisions of an act of the General Assembly of the Commonwealth of Kentucky, regulating the sale thereof, etc., in the counties of Knox and Whitley, approved April 15, 1884; he not being a legal manufacturer, distiller or druggist.

It is insisted the indictment is defective because the accusative part did not charge defendant with the offense of unlawfully "selling intoxicating spirituous, vinous, and malt liquors, and a mixture thereof." We do not think the omission of the word "unlawful" renders the indictment defective. It charges that he was guilty of the offense of selling spirituous liquors, etc., in quantities which would be in violation of the act of the Legislature referred to. The accusative part of the indictment in general terms describes the offense, which is sufficient, under section 124 of the Criminal Code of Practice. In that part of the indictment describing the acts which constitute the offense, it is charged that the liquor was unlawfully sold.

Counsel for appellant urges that the indictment is defective because it is not sufficiently specific to enable the defendant to know under what law he is being prosecuted. It is based upon the local law to which we have referred. This court, in Thompson v. Com. 103 Ky. 685 (20 Ky. L. R., 397) (45 S. W., 1039), (46 S. W., 492, 698), held that section 61 of the Constitution did not repeal the local act prohibiting the sale of spirituous, vinous, and malt liquors, but that all laws upon the subject were modified by the provisions of the general law as to procedure, amount permitted to be sold, and penalty. So the local act referred to is in force, but the penalty prescribed by the general law is to be applied for its violation. Section 2557, Ky. St., imposes a penalty of not less than $100, nor more than $290, for the offense of selling spirituous, vinous, or malt liquors.

Section 2557 a, Ky. St., imposes a penalty of not less than $20, nor more than $100, for selling "any beverage, liquid mixture or decoction of any kind which produces or causes intoxication." It was unnecessary to use the word "intoxicating" in the indictment, in the description of liquors,

and it was unnecessary to use the words "and a mixture thereof." Still we think the indictment clearly charges the defendant with selling spirituous, vinous, and malt liquors; and the penalty therefor, under section 2557, Ky. St., is not less than $100 nor more than $200.

It appears from the record exhibited on the trial of the case that a vote was taken in precinct No. 9 in Knox county, Ky., as to whether spirituous, vinous, or malt liquors should be sold, bartered, or loaned in that precinct. The result of the election shows that a large majority of the people of the precinct voted against the proposition. Its result was returned, canvassed, and certified. The election did not have any effect whatever upon the local law. Assuming that the election was held in the manner provided by the local option law, still the result of it shows that a majority of the people were opposed to a change of the local law, and, of course, it remained in force. The liquor was sold to White in that precinct, and in violation of the local law. We are unable to see that the record exhibited with reference to the vote that was taken in that precinct has any relation to the question involved in this case.

Counsel for appellant complains of the instruction which the court gave the jury which required them to believe that the liquor was sold to White within five miles of Union College, in Barbourville. It was erroneous, but not prejudicial to the defendant. He was guilty if the liquor was sold in Knox county, and it imposed a burden upon the Commonwealth which was unnecessary. Of course, this instruction should not be given on the next trial of the case, but instructions which are usual in cases of this kind should be given.

The bill of exceptions shows that the case was called for

trial, and Commonwealth and defendant announced "Ready." Then the jury was impaneled and sworn. The indictment was not read by the Commonwealth's attorney, or the clerk of the court, or any one else, before the trial began, or at any time during its progress. It is insisted that the case should be reversed for this reason, Section 219, Cr. Code Prac., reads as follows: "The clerk, or Commonwealth's attorney, shall then read to the jury the indictment, and state the defendant's plea." This section refers to what shall next be done after the jury is sworn to well and truly try the issue. The indictment was not read as we have said and neither the clerk nor the Commonwealth's attorney stated the plea of the defendant. This provision of the Code is mandatory. This court, in Galloway v. Com., 4 Ky. Law Rep., 720, held that the requirement of the Criminal Code that the clerk or the Commonwealth's attorney shall read the indictment and state the plea of the defendant to the jury next in order after they are sworn to try the issue is mandatory, and no party can be legally convicted unless it is substantially complied with. It is also held that where the duty was performed before the close of the evidence for the prosecution, while it was still within the power of the court to recall the witnesses, the substantial rights of the defendant were not prejudiced; nor was the mere fact that the indictment was read by the attorney employed to prosecute, instead of the Commonwealth's attorney, a ground for a reversal; it having been done at the request of the latter officer, in the presence of the court and of the defendant, without objection at the time. But in this case, as we have said, it was not read at any time by any one, and for that reason the case is reversed for proceedings consistent with this opinion.