## Alexander v. C., N. O. & T. P. Railroad Company.

(Decided March 21, 1924.)

### Appeal from Grant Circuit Court.

1. Appeal and Error—Trial—Permitting Jury to View Premises Discretionary.—Whether or not the jury may view the premises involved in a suit is a matter largely in the discretion of the trial court, and its action will not be disturbed unless the discretion has been abused.

2. Trial—No abuse of Discretion in Refusing to Permit Jury to View Premises.—In an action against a railroad for destruction of buildings by fire, where it appeared all the buildings had been destroyed and conditions were necessarily different at the time of the trial, the trial court did not abuse its discretion in refusing to permit the jury to view the premises.

3. Appeal and Error—Bill of Exceptions Controls Over Stenographer's Transcript.—Where there is a conflict between the stenographer's transcript and the bill of exceptions, the latter will control.

4. Appeal and Error—Witnesses—Admission of Evidence on Cross-Examination Held Erroneous and Prejudicial.—In an action against a railroad for destruction of buildings by fire, where the issue was whether the fire was due to a spark from an engine or from the plaintiff's stove, it was error and prejudicial to require defendant on cross-examination to testify that he had had four fires.

C. C. ADAMS for appellant.

DE JARNETTE & HARRISON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant's home was located near the right of way of the C., N. O. & T. P. Railroad Company. On March 26, 1921, his residence, meat house and other outbuildings with their contents, were destroyed by fire. This action followed and resulted in a verdict and judgment for the railroad company.

It was appellant's theory that the fire was caused by sparks from appellee's engine, while appellee contended that the fire was started from the stove in the kitchen. There was evidence to support both theories, and it cannot be said that the finding of the jury was flagrantly against the evidence.

The court refused to permit the jury to view the premises, and this is assigned as error. Whether or not the jury may view the premises is a matter largely in the discretion of the trial court, and its action will not be disturbed unless the discretion has been abused. Salisbury v. Wellman Electrical Co., 173 Ky. 467, 191 S. W. 289. As all the buildings had been destroyed by fire, and conditions were necessarily different at the time of the trial, we are unable to say that the court's refusal to permit the jury to view the premises was an abuse of discretion.

The instructions are in the usual form and are not subject to complaint.

On cross-examination counsel for the company asked appellant how many fires he had had, and he replied that he had had four. While the stenographer's transcript does not show that there was any objection or exception to this evidence, the bill of exceptions signed by the trial judge states that appellant not only objected and excepted, and that his objection was overruled, but that he also made a motion to exclude, and this motion was overruled. Where there is a conflict between the stenographer's transcript and the bill of exceptions, the latter will control. In our opinion the evidence that appellant had had four other fires should not have been admitted. The issue was whether the fire was due to a spark from the engine or from the kitchen stove. The admitted evidence was such as to cast suspicion on appellant, and carried with it the imputation that he was responsible

for the fire, and there can be no doubt that its admission was prejudicial error.

We find no other error in the record.

Judgment reversed and cause remanded for new trial consistent with this opinion.