## Madden v. Commonwealth.

(Decided April 25, 1924.)

### Appeal from Bell Circuit Court.

1. Criminal Law—No Complaint of Overruling Demurrer Where no Demurrer Shown by Record.—A complaint that an indictment was insufficient and court erred in overruling a demurrer thereto is without merit, where the record fails to show that any demurrer was ever filed to the indictment.

2. Criminal Law—Duty of Court to Arrest Judgment, if Indictment Fails to Charge Public Offense.—If indictment fails to charge a

public offense, it was the duty of the court, even in absence of demurrer, to arrest judgment, since, unless resubmitted or otherwise cured, defendant could not be tried or punished thereunder.

3. Infants—Indictmnt for Unlawful Intercourse with Male Child Held Sufficient.—An indictment, charging defendant with "unlawfully and wilfully having sexual intercourse with a male child under the age of 18 years, not her husband," and that she "did unlawfully have carnal knowledge of and sexual intercourse with C., a male person, who was at the time of such acts under the age of eighteen years," held sufficient to charge the offense denounced by Kentucky Statutes, section 1155, as amended by Acts 1922, chapter 17.

4. Indictment and Information—Conviction May be Had for Crimes of Lower Degree.—A defendant may be convicted and punished for the crime stated in the indictment, and all others growing out of the same act of a lower degree.

5. Criminal Law—Permitting Punishment Fixed Where Victim Under Age of 16 Years Held Error, in View of Indictment.—Under an indictment charging the offense denounced by Kentucky Statutes, section 1155, as amended by Acts 1922, chapter 17, without stating the age of the male victim, except that he was under 18 years of age, the court erred in authorizing the jury to assess punishment under subsection 2 of the amendment, relating to punishment for offense committed against male child between the ages of 12 and 16, though the evidence showed the age of the child to be between such ages, since one cannot be convicted of a higher degree of the offense than the one with which he is charged, especially in view of Criminal Code of Practice, sections 122, 124.

6. Criminal Law—Instruction Permitting Conviction if Felony Committed at Any Time Prior to Indictment Erroneous.—In prosecution under Kentucky Statutes, section 1155, as amended by Acts 1922, chapter 17, effective June 13, 1922, denouncing sexual intercourse between a female and a male child under 18 years of age, an instruction authorizing the jury to find the defendant guilty if the offense was committed at any time prior to the finding of the indictment, was erroneous where the testimony was to the effect that the offense was committed some time in the summer of 1922, since defendant would not have been guilty of the offense charged if acts charged occurred prior to June 13, 1922.

M. G. COLSON and W. J. STONE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREEL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On March 10, 1923, the grand jury of Bell county returned an indictment against appellant and defendant therein, Phœbe Madden, charging her with the offense

denounced by section 1155 of the Kentucky Statutes as amended by act of 1922, chapter 17, page 65 of the Acts for that year. Upon her trial under a plea of not guilty, she was convicted and sentenced to serve a term of five years in the state penitentiary, and her motion for a new trial having been overruled she prosecutes this appeal. Two of the grounds relied on as error in the motion for a new trial, and argued on the appeal, are (1), the insufficiency of the indictment and error of the court in overruling the demurrer thereto, and (2), error in the instructions of the court. It is also argued as a third ground for reversal that the court erroneously admitted incompetent evidence introduced by the Commonwealth, but we are not inclined to sustain counsel in that contention and will confine this opinion to a consideration of grounds (1) and (2).

A sufficient answer to ground (1) is that the record fails to show that any demurrer was ever filed to the indictment; but notwithstanding that fact, if it failed to charge a public offense, it was the duty of the court to arrest the judgment and unless resubmitted or otherwise cured, defendant could not be tried and punished thereunder. We, however, find no fault with the indictment in this case. In its entirety (omitting caption and signature) it says: "The grand jury of Bell county, in the name, and by the authority of the Commonwealth of Kentucky, accuse Phœbe Madden of the crime of unlawfully and wilfully having sexual intercourse with a male child under the age of eighteen years, not her husband, committed in manner and form as follows, viz: The said Phœbe Madden in the state and county aforesaid, and on the — day of —, 1923 and within — months before the finding of this indictment, did unlawfully have carnal knowledge of and sexual intercourse with Charlie Baker, a male person who was at the time of such acts under the age of eighteen years, against the peace and dignity of the Commonwealth of Kentucky."

Prior to the amendment of 1922, which took effect on the 13th day of June of that year, the offense could only be committed by a male upon a female who was under the prohibited age, which was then sixteen years or an idiot; but the amendment, in the generic offense which it described, raised the age of consent to eighteen years and left out entirely the prohibition as to committing the act upon the body of an idiot, and also made

the statute applicable to both sexes, and made it unlawful for a member of either sex to commit the offense upon the body of the other not his or her spouse when the victim was under the prohibited age. ·

The generic offense, as described in the amendment, was couched in these words: "Every male person who shall carnally know, with her consent, any female child, not his wife, under the age of eighteen years, and every female person who shall carnally know any male child under the age of eighteen years, not her husband, shall be punished as follows." That language is followed by a number of subsections relating to the punishment, and prescribing it according to the age (below the maximum of eighteen years) of the prosecuting witness, and likewise measuring the punishment (subsection 5) according to the age of the offender. The crime denounced by the statute, without any aggravating facts increasing the punishment was specifically charged in the indict-ment and under the well known rules of criminal practice, adhered to by this court, the defendant could be con-victed and punished for the crime stated in the indict-ment, and all other ones growing out of the same act of a lower degree; an illustration of which is, that under an indictment for murder the defendant may be convicted of all degrees of homicide lower than that crime, not-withstanding the particular elements of the lower degree or degrees are not set out or charged in the indictment. See Rose's Criminal Law, vol. 1, section 295; Evans v. Commonwealth, 79 Ky. 414, and numerous other do-mestic cases which might be cited continuing up to the present time. Since, therefore, the indictment charged the offense described in the statute, it charged a public one and was not demurrable, although it was not tested in that manner. We, therefore, conclude that ground (1) is without merit.

Subsections 1 and 2 of the amendment provide for an increased punishment of the offender according to the age of his victim and in fact created higher crimes than the one contained in the statutory definition of the generic one. Subsection 1 prescribed the punishment of "im-prisonment in the state penitentiary for not less than twenty years nor more than fifty years, or by death, in the discretion of the jury," if the victim was below twelve years of age; while subsection 2 prescribed a punishment of "imprisonment in the state penitentiary

for not less than five years nor more than twenty years" if the victim was between twelve and sixteen years of age, and subsection 3 fixed a punishment of confinement in the penitentiary "for not less than two years nor more than ten years" if the victim was above sixteen and under eighteen years of age, which is the highest punishment that could be inflicted *under the indictment* as drawn, since it alleged therein the maximum age of the victim and contained no charge of his being of a lower age to which the statute affixed, by subsections 1 and 2, a higher punishment. The court, however, ignored the charge in the indictment, and instructed the jury under subsection 2 of the statute, since the testimony of the Commonwealth showed that the masculine prosecuting witness was between twelve and sixteen years of age, being at the time slightly above fourteen years old; and the act of the court in so instructing the jury, in the absence of an allegation in the indictment of the age of the prosecuting witness so as to authorize the increased punishment under that subsection, is the chief error complained of under this ground, (2) and which complaint we think is well founded.

In the second edition of Bishop's New Criminal Procedure, vol. 1, chapter VI, there is a most learned discussion upon the necessity of charging in the indictment the elemental facts that affect the degree of punishment; and in section 77 the learned author says: "The doctrine of this chapter is, that every wrongful fact, with each particular modification thereof, which in law is required to be taken into the account in determining the punishment upon a finding of guilty, must be alleged in the indictment;" and in the following subsection he says: "This doctrine is fundamental." In subsection 1 of section 81 it is stated that "The rule, which our jurisprudence has adopted from natural reason and justice, is that with which we began, namely, that the indictment must allege every fact and modification of fact legally essential to the punishment to be inflicted;" and in subsection 2 of the same section it is stated that "This doctrine pervades the entire adjudged law of criminal procedure. It is made apparent, not alone by a single case, but by all the cases." He then considers by way of illustration a number of specific crimes, both statutory and at common law, and announces the universal application of the rule, and points out the distinction between

cases where the affixed punishment is graded between a maximum and a minimum with a discretion on the part of the jury to place it anywhere between those limitations, and where the punishment is increased because of the existence of some required additional fact. Illustrating with the offense of assault, it is stated in section 82 that "An assault, being punishable in a particular way, if a statute enhances the punishment when a specified fact attends it, the greater punishment cannot be awarded unless the indictment charges such aggravating fact." Additional statements of the same doctrine may be found in sections 540, 566 and 567 in volume 2 of the same work, and in sections 48, 177 and 572 in volume 3. See also 14 R. C. L. 185, and 31 C. J. 734. The text in the reference to Corpus Juris in stating the rule says: "The indictment should as a rule set out all the facts which in law may influence the punishment. In charging those offenses which become offenses of greater degree or subject to a greater punishment by reason of having been committed under aggravating circumstances or with particular intent, it is necessary first to charge the minor offense with its appropriate description, and then allege the matter of aggravation." Following that rule and by analogy, it is universally held that the increased punishment prescribed by various "habitual criminal" statutes for a second or third conviction of the same offense cannot be inflicted unless the indictment alleges with the requisite certainty the prior conviction or convictions.

Since, therefore, it is incompetent, as we have seen, to convict the accused of a higher degree of the offense than the one with which he is charged in the indictment against him, it was error for the court in this case to submit to the jury in its instructions the higher punishment of confinement in the penitentiary for "not less than five years nor more than twenty years," as prescribed in subsection 2 of the amendatory act, because that punishment is of a much higher degree than if the prosecuting witness had been just below eighteen and above sixteen years of age, and which is, as we have seen, confinement in the penitentiary not less than two years nor more than ten years. The defendant in this case was prejudiced by the giving of that instruction, since the minimum punishment for the offense charged in the indictment (in the absence of an allegation of the facts increasing the punishment which in this offense was the

age of the victim) was two years, three years less than appellant received.

Defendant was also entitled, under the provisions of sections 122 and 124 of the Criminal Code, to require that the indictment against her should contain the particular circumstance of the offense with which she was charged and for which the Commonwealth proposed to punish her in such ordinary and concise language as to enable her to understand and know what was intended, so as to afford her an opportunity to prepare for the trial and to disprove, if she could, any of the issues of fact entering into her guilt or degree of punishment, and the indictment in this case did not afford her that information concerning any degree of the offence except that contained in the first section of the amendatory act. It is, therefore, apparent that the court erred in submitting to the jury the punishment prescribed in subsection 2 of the amendatory act.

The instruction authorized the jury to find the defendant guilty if it believed beyond a reasonable doubt that the offense was committed at any time prior to the finding of the indictment, which, as a general rule, is the correct practice in felony cases where no limitation is provided beyond which the prosecution can not be maintained. But, in the instant case, the prosecuting witness said that the offense was committed some time in the summer of 1922. The amendatory act creating the offense so far as the female perpetrator is concerned did not take effect until the 13th day of June, 1922, and from the broad statement of the prosecuting witness as to when the crime was committed, it might have been done prior to that date which, if true, defendant was guilty of no offense except either fornication or adultery. The instruction, therefore, should have required the jury to believe that the offense was committed at some time subsequent to the taking effect of the amendatory act, and because it failed to do so it was also erroneous.

Wherefore, the judgment is reversed with directions to grant the motion for a new trial and for proceedings consistent with this opinion.