### Gilbert v. Commonwealth.

(Decided September 26, 1924.)

## Appeal from Harlan Circuit Court.

1. Criminal Law—Where Trial was had on Wrong Indictment for Same Offense, Court Did Not Err in Refusing to Direct Verdict.— Where indictment was lost and grand jury .returned new indict

ment, and when old indictment was found new indictment was quashed, but on trial prosecuting attorney read new indictment to jury, under Criminal Code of Practice, section 219, and did not discover his mistake until evidence was in, and accused was then required to plead to old indictment, Commonwealth not reintroducing its evidence, court did not err in refusing to instruct jury peremptorily to return verdict of not guilty, both indictments being for same offense.

2. Criminal Law—Rape—Each Act of Intercourse with Female Under Sixteen was Offense, But Accused Could be Tried for Only One at a Time.—Each act of intercourse by accused with female under sixteen years of age was an offense, but accused could only be tried for one of them at a time.

3. Criminal Law—Corroboration Only Purpose for which Testimony of Other Acts of Intercourse are Admissible, and Court Must so Instruct Jury.—In prosecution for statutory rape, only purpose for which evidence of other acts of intercourse is admissible is to corroborate evidence of prosecuting witness, and court should so admonish jury at time.

4. Rape—lllicit Relations with Other Men Admissible in Statutory Case, where Fact of Pregnancy was Before Jury.—In prosecution for statutory rape, where it was before jury that prosecuting witness had become pregnant, evidence that prosecutrix had had sexual intercourse with other men was admissible to account therefor, but not to excuse offense.

5. Rape—Pregnancy May be Proven by Commonwealth to Corroborate Prosecutrix.—In statutory rape case, pregnancy of prosecutrix may be proven by Commonwealth to corroborate her.

R. L. POPE, WILLIAM BROCK and F. L. HUFF for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Appellant, James Gilbert, was convicted of unlawfully carnally knowing Maude Middleton, a female under the age of sixteen years, and his punishment fixed at confinement in the state penitentiary for a period of ten years. The first indictment for this offense was returned December 2, 1922. He was tried under this indictment on March 31, 1923, and the jury failed to agree. On the 27th of August, 1923, the court made an order wherein it is recited that the indictment against appellant had been lost and the case was again referred to the grand jury. On that day the grand jury returned a second indictment

against the appellant for the same offense, reciting in this second indictment the following:

> "The defendant, Jas. Gilbert, having heretofore been indicted by the grand jury of Harlan county for the same crime and with the same person, Maude Middleton, and said indictment having been lost, this indictment is made in lieu of the one that was lost and is a continuation of the same prosecution, the case having been re-referred to the grand jury by order of the Harlan circuit court."

On December 4, 1923, the Commonwealth's attorney produced the original indictment and upon his motion the second indictment herein was quashed, and on December 14, the appellant was again tried under the old indictment and again the jury failed to agree. On March 26, 1924, the appellant was tried the third time, and this trial resulted in the judgment appealed from. During the progress of this trial, after the jury had been selected, the attorney for the Commonwealth, by oversight, read to the jury not the original indictment, but the new one, which had been quashed during the previous August term of the Harlan circuit court, and appellant was required to plead thereto and pleaded not guilty. At the beginning of the trial and before any evidence was introduced, the appellant by his counsel, in open court, objected to the introduction of any testimony in this case against him, but did not disclose the reason for his objection. The court overruled his objection and the appellant then excepted. At the conclusion of all the evidence, the Commonwealth's attorney discoverd that the trial was proceeding under the indictment that had been quashed, and he thereupon produced and offered to read the original indictment, to the reading of which the defendant objected. His objection was overruled and he excepted. The original indictment was read to the jury and the appellant was required to plead thereto and he pleaded not guilty. The attorney for the Commonwealth then moved the court to reswear the jury, which the court did over the objection of the appellant, and again he excepted.

As the Commonwealth did not reintroduce its evidence, the appellant moved the court to instruct the jury peremptorily to find and return a verdict of not guilty, because no evidence had been introduced against him after the reading of the indictment on which he was being tried. The court refused to so instruct the jury, appel-

lant excepted, and this is the ground upon which the appellant relies for a reversal. This was not error.

"This court in Galloway v. Commonwealth, 4 Ky. Law Rep. 720, held that the requirement of the Criminal Code that the clerk or the Commonwealth's attorney shall read the indictment and state the plea of the defendant to the jury next in order after they are sworn to try the issue is mandatory, and no party can be legally convicted unless it is substantially complied with. It is also held that where the duty was performed before the close of the evidence for the prosecution, while it was still within the power of the court to recall the witnesses, the substantial rights of the defendant were not prejudiced." Farris v. Commonwealth, 111 Ky. 236, 63 S. W. 615.

Section 219 of the Code requires the indictment to be read to the jury and the defendant's plea stated. The purpose of this is to let the jury know the offense charged against the defendant, and to give the defendant an opportunity to plead to the charge. In other words, to form the issue. In this case, both in the old indictment and in the new one, the appellant was charged with unlawfully carnally knowing Maude Middleton, a female under sixteen years of age, and to both the old and the new indictments he pleaded not guilty. An indictment is not the question submitted to the jury, but the issue, if any, made by the charge contained in the indictment and the plea of the accused to the charge. This case is very much like the case of Earl v. Commonwealth, reported in 202 Ky. 726, 261 S. W. 239, and it was unfortunate that the attorneys in the court below did not at the time of the trial of this case, have before them the learned opinion rendered in the Earl case.

The prosecuting witness, Maude Middleton, testified that the appellant first had sexual intercourse with her one night in April, 1921, at the time that her mother went to visit her father-in-law. She was then asked to tell if that occurred again, and to this the appellant objected. She was allowed to answer and in her answer she said that the appellant had continued to have intercourse with her whenever opportunity presented, about once a month, for something like a year. Each time the appellant had intercourse with Maude Middleton before she became sixteen years of age he committed a felony, and for each act of intercourse, if guilty, he could and should be con-

victed and confined in. the penitentiary as provided by
the statutes. But he can only be tried for one offense at
a time. Upon the trial of the accused for any of these
various acts of intercourse, there is but one purpose for
which any evidence of any other act than the one for
which he is being tried can be admitted, and that is to cor-
roborate, if it does, the evidence of the prosecuting wit-
ness, and the court should so admonish the jury at the
time. The accused, however, made no effort to have the
Commonwealth elect which of these several acts it would
rely upon for a conviction. The court, in its instructions
to the jury in this case, gave an instruction which is al-
most identical with the instruction criticized in the Earl
case referred to above. The instruction given is erron-
eous, and this judgment must be reversed for the reason
so ably stated in the Earl case.

The appellant complains because he was not permit-
ted to show that Maude Middleton had had sexual inter-
course with other men. Ordinarily, such evidence is not
competent, but in this case evidence got before the jury
that the prosecuting witness had become pregnant. After
the jury learned that, then it knew that she had had in-
tercourse with some man, and to meet that, the accused
should have been permitted to prove, if he could, her
relations with other men, and upon a retrial of this case,
if the evidence gets before the jury that she became preg-
nant, then and not until then, the accused should be per-
mitted, if he can, to show her relations with other men;
but when he does so, the court should admonish the jury
that the purpose of admitting this evidence is not to ex-
cuse or palliate the guilt of the accused, if he is guilty,
but to account for, if it does in fact tend to account for,
the pregnancy of the prosecuting witness. Her preg-
nancy may be proven by the Commonwealth for the pur-
pose of corroborating her statement that appellant did
have carnal knowledge of her person. Druin v. Common-
wealth, 124 S. W. 856.

The judgment is reversed and the cause remanded
for new trial consistent with this opinion and with the
rulings in the Earl case.

Whole court sitting, except Judge Settle, who was
unable to be present on account of illness.