## Owens v. Commonwealth.

(Decided February 20, 1925.)

### Appeal from Clark Circuit Court.

Criminal Law—To Require Accused to Answer as to His Selling Moonshine, in Prosecution for Statutory Rape, Held Reversible Error.—In prosecution for statutory rape, to require accused to answer whether he was ever engaged in moonshining business, over due objection, the answer being yes, held reversible error.

RODNEY HAGGARD for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Appellant was convicted of carnally knowing a female under eighteen years of age, and his punishment fixed at confinement in the penitentiary for ten years.

In the cross-examination of the appellant during his trial, he was asked:

"Is it not true that you were also engaged in the moonshining business?"

Appellant objected to the question, his objection was overruled, and he excepted. Being required to answer the question, he said:

"I did it once; yes, sir."

For this error, this case must be reversed. See Tapscott v. Com., 140 Ky. 573, 131 S. W. 487; Wireman v. Com., 203 Ky. 57, 261 S. W. 862.

We will not discuss the other errors committed, lest by so doing we should detract from the importance that we feel this one should have. When the appellant is retried, his trial should be conducted as outlined in these cases:

Gilbert v. Com., 204 Ky. 505, 264 S. W. 1095; Earl v. Com., 202 Ky. 726, 261 S. W. 239; Madden v. Com., 202 Ky. 782, 261 S. W. 273; McCreary v. Com., 158 Ky. 612, 165 S. W. 981.

The judgment is reversed and the cause remanded, with direction to award appellant a new trial consistent herewith.