## Bonds v. Commonwealth.

(Decided June 15, 1928.)

### Appeal from Harlan Circuit Court.

Rape.—In prosecution under Ky. Stats., Supp. 1926, sec. 1155, for carnally knowing a female child under 18, evidence establishing that defendant was under 21 years of age, thereby reducing offense to misdemeanor by virtue of subdivision 5, and failing to show that offense occurred 12 months prior to finding of the indictment, as expressly required by Ky. Stats., 1922, sec. 1138, held insufficient to authorize submission to jury.

LEE & SNYDER for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Thomas—Reversing.

The appellant, Ewey Bonds, was indicted by the grand jury of Harlan county, charged with the offenses denounced by section 1155 of the 1926 Supplement to Carroll's Kentucky Statutes, which is the old section as amended by chapter 17, p. 65, Acts 1922. The indictment averred that the consenting female was under 18 years of age, and that appellant, the male, was over 21 years of age, which made the offense a felony under subdivision 3 of that section of the statute, but which subdivision 5 reduced to a misdemeanor if the male was under 21 years of age and over 17 years. The indictment was returned August 22, 1927, and before defendant could be convicted for a misdemeanor under any of the provisions of the section of the statute, supra, it should appear that the offense was committed within 12 months prior to the finding of the indictment, and which is expressly required by section 1138 of the 1922 Edition of Carroll's Kentucky Statutes, unless the legislative act creating the misdemeanor provides for a different limitation, but which latter was not done in this case.

The prosecuting witness testified that she was a student in school and met defendant along about August 1, 1926, and that the first intercourse was had either on August 12 or 13 following that meeting and in the year 1926. She furthermore testified that there were two other similar acts following the first one, making three in all; but she nowhere gave the date of either of the last two. Both of them may have occurred before August 22 of that year and, if so, neither of them would furnish grounds for prosecuting defendant under the indictment returned August 22, 1927, since, if the criminal acts occurred before that corresponding day of the same month in the year previous, the prosecution would be barred by section 1138, supra, of the Statutes.

Defendant declined to testify, and the only witness he introduced was his mother, and her testimony was that he was born August 28, 1906, and which would make him a little less than 20 years of age on the only date given by the prosecuting witness upon which the offense, if any, was committed. That testimony, which was undisputed, destroyed the felony charge contained in the indictment, but did not relieve defendant from punishment under subdivision 5 of the amended statute, supra, if all other essential requisites to his conviction of a mis-

demeanor were present. The court submitted to the jury in its instruction only the misdemeanor prescribed in the latter subdivision of the statute (No. 5), and required it to believe beyond a reasonable doubt that the act with which defendant was charged was committed by him within 12 months before the finding of the indictment; and under that instruction there was a verdict of guilty with an attached punishment of a fine of $400. Defendant's motion for a new trial was overruled, and judgment was rendered upon the verdict, to reverse which this appeal was prosecuted.

We have hereinbefore stated that the only date fixed by the prosecuting witness was more than 12 months (12 months and 10 days or 12 months and 9 days) from the time of the finding of the indictment, and that no time was stated when the last two acts condemned by the statute occurred. Under this condition of the record, it conclusively appears that the trial court erred in submitting the issue of defendant's guilt to the jury at all. On the contrary, no other course was open to that court, except an instruction directing the jury to acquit defendant of the only offense that the evidence showed he committed, i. e., a misdemeanor.

In the two recent cases of Earl v. Commonwealth, 202 Ky. 726, 261 S. W. 239, and Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1095, and others referred to therein, we held that in prosecutions of this kind other similar forbidden acts to the one for which defendant was being prosecuted were admissible in evidence only for the purpose of corroboration, and that the commonwealth should confine the prosecution to only one of them, and that the court should submit to the jury defendant's guilt or innocence of the one so selected by the commonwealth. Likewise, if subsequent similar acts in misdemeanor prosecutions were without date in the testimony, the prosecution would be confined to the one that the testimony fixed the date of its commission. If in this case the prosecuting witness had shown that either of the last two acts occurred within a year before the finding of the indictment there would be no error in the trial, but, under the testimony, as presented to us in the record, it was clearly the duty of the court to direct defendant's acquittal. Of course, if there should be evidence on another trial contradicting that of defendant's mother as to his age, it would then be the duty of the court to submit the felony charge to the jury, with an alternative in-

struction authorizing his conviction of the misdemeanor, if any, if the denounced acts were committed within 12 months before the indictment was returned.

Wherefore the judgment is reversed, with directions to set it aside, and to sustain the motion for a new trial, and for other proceedings consistent with this opinion.