## Dabney v. Commonwealth.

(Decided October 13, 1928.)

### Appeal from Russell Circuit Court.

1. Criminal Law.—Where record showed that defendant appeared, waived formal arraignment, and pleaded not guilty, and testimony was fully heard and strictly confined to issue made by indictment and plea of not guilty, and jury was adequately instructed, and verdict returned responded literally to charge, held that alleged failure to read indictment or defendant's plea to jury, under Constitution sec. 11, and Criminal Code of Practice, secs. 154, 155, 219, 282, did not require reversal, in absence of objection or exception disclosed by bill of exceptions where record did not show defendant's substantial rights were prejudiced under Criminal Code of Practice, sec. 340.

2. Criminal Law.—A bill of exceptions is controlling, and may not be supplemented, contradicted, or impeached by affidavits of defendant or others.

BERTRAM & BERTRAM and R. E. LLOYD for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Roy Dabney was indicted, tried, and convicted for the crime of seduction. He has appealed to this court, complaining that the trial court failed to require the indictment to be read and the plea of defendant stated to

the jury after it was sworn. The record shows that the defendant appeared in person, and, by attorneys, waived a formal arraignment and pleaded not guilty as charged in the indictment. It further shows that both sides announced ready for trial, and a jury was impanelled and sworn. The bill of exceptions manifests that counsel for the commonwealth and the defendant respectively stated the case to the jury. The testimony was fully heard and strictly confined to the issue made by the indictment and the plea of not guilty. The jury was adequately instructed, and a verdict returned, responding literally to the charge, saying:

> "We, the jury, find the defendant, Roy Dabney, guilty as charged in the indictment, and fix his punishment at two years in the state penitentiary."

No objections or exceptions on the part of the defendant to a failure, if there was a failure, to read the indictment to the jury or to state his plea, appear in the bill of exceptions. The bill of exceptions does not show affirmatively any such omission. After the verdict, the defendant filed a motion and grounds for a new trial and his own affidavit in support thereof. The alleged ground for a new trial was the failure of the commonwealth's attorney, or the clerk, or any other person, to read the indictment to the jury or to advise the jury of the defendant's plea. The affidavit of the defendant stated that at no time after the jury was sworn was the indictment read or the defendant's plea of not guilty stated to them.

The Constitution, sec. 11, provides that, in all criminal prosecutions, the defendant has a right to demand the nature and cause of the accusation against him. Section 154 of the Criminal Code defines an arraignment as the reading of the indictment by the clerk to the defendant, and asking him if he pleads guilty or not guilty thereto. Section 155 of the Criminal Code provides that the arraignment shall be made only upon indictment for felony, and may be dispensed with by the court with the defendant's consent. Section 219 of the Criminal Code provides that the clerk or commonwealth's attorney shall, after the jury is sworn, read to it the indictment and state the defendant's plea.

In Galloway v. Commonwealth, 4 Ky. Law Rep. 720, Id., 5 Ky. Law Rep. 213, it was said that the language of section 219 of the Criminal Code is mandatory, and that no one could be legally convicted unless the statutes were

substantially complied with at the trial; but the court held in that case that the error was cured by a reading of the indictment and an announcement of the plea before the close of the trial. In Hendrickson v. Commonwealth, 64 S. W. 954, 23 Ky. Law Rep. 1191, it was held that the provisions of the Criminal Code were peremptory, and, if not substantially complied with, a conviction could not be allowed to stand. In Farris v. Commonwealth, 111 Ky. 236, 63 S. W. 615, 23 Ky. Law Rep. 580, a similar ruling is reported. But these authorities are not controlling on the question now presented. It is governed by the principles of another line of cases.

In Meece v. Commonwealth, 78 Ky. 586, the court announced and applied a rule to the effect that, where it is apparent that an issue was formed and thoroughly understood, it would be a mockery of justice, as well as trifling with the solemn action of courts, to reverse a conviction because the record did not affirmatively recite literal and exact compliance with the Criminal Code in the respects mentioned. In Ison v. Commonwealth, 66 S. W. 184, 23 Ky. Law Rep. 1805, the court held that, to manifest error, the record must affirmatively show omission to comply with the quoted sections of the Criminal Code and an exception by the defendant noted in the bill of exceptions. The court observed the rule contemplated by the Constitution that the defendant must demand the nature of the charge against him, and, when he fails to take an exception, he may not rely upon a mere omission or oversight. In Griffin v. Commonwealth, 66 S. W. 740, 23 Ky. Law Rep. 2148, the court followed the Ison case, supra. In Herr v. Commonwealth, 91 S. W. 666, 28 Ky. Law Rep. 1131, the same ruling was upheld. In Bischoff v. Commonwealth, 123 Ky. 340, 96 S. W. 538, 29 Ky. Law Rep. 770, this court exhaustively reviewed the authorities applicable to the subject, pointed out the differences and distinctions in the opinions, and adopted as sound the doctrine of Howard v. Commonwealth, 67 S. W. 1003, 24 Ky. Law Rep. 91, in which the cases on the subject were explained. Cf. Nioum v. Commonwealth, 128 Ky. 685, 108 S. W. 945, 33 Ky. Law Rep. 62. In Combs v. Commonwealth, 104 S. W. 270, 31 Ky. Law Rep. 822, the court said:

"The purpose of the Code provision in requiring the indictment to be read and the plea of the defendant stated is to inform the jury at the very inception of the case of the nature of the charge and

the plea of the defendant thereto; and when this is substantially done, although the Code is not literally followed, it will   not amount to reversible error. And, aside from this, though the record fails to show that the indictment has been read or the defendant's plea announced to the jury, such omission will not authorize this court to assume that these requirements of the Criminal Code have not been complied with, unless it is made to appear from the record that the failure of the trial court to have the indictment read and the defendant's plea stated to the jury has been excepted to and relied on by the defendant as a ground for a new trial."

In Reed v. Commonwealth, 138 Ky. 568, 128 S. W. 874, the court dealt at length with the same general question reciting the history which had made rigid compliance with the sections at one time important, but now unreasonable and unnecessary. Cf. Franklin v. Commonwealth, 201 Ky. 324, 256 S. W. 714; Gilbert v. Commonwealth, 204 Ky. 505, 264 S. W. 1095.

The purpose of the law is fully satisfied when the defendant is informed of the issue which he has to meet, and the jury is advised of the charge it is called upon to try.

If there has been an omission at the trial which the defendant considers prejudicial to him, he should call it to the attention of the court, and demand a compliance with the law. If the request is refused, an exception must be taken and noted in the bill of exceptions. Criminal Code, sec. 282. Otherwise it is not available here. Dalton v. Commonwealth, 216 Ky. 317, 287 S. W. 898.

The bill of exceptions is controlling, and may not be supplemented, contradicted, or impeached by affidavits of the appellant or others. Alexander v. C. N. O. & T. P. Ry. Co., 202 Ky. 475, 260 S. W. 14; Pendergrass v. Coleman, 207 Ky. 785, 270 S. W. 65; Miller v. Commonwealth, 117 Ky. 80, 93, 77 S. W. 682, 79 S. W. 250, 25 Ky. Law Rep. 1236, 1931; Patterson v. Commonwealth, 86 Ky. 313, 5 S. W. 387, 9 Ky. Law Rep. 481.

A judgment of conviction may not be reversed, unless the record manifests some error of law to the prejudice of the appellant's substantial rights. Criminal Code, sec. 340; Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190. It is apparent from what has been said that no such error was committed in this case.

The judgment is affirmed.