## Mullins v. Commonwealth.

(Decided September 27, 1929.)

JOE HALL and DOUGLAS C. VEST for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Affirming.

The appellant, a deputy sheriff of Knott county, was convicted of voluntary manslaughter in the Knott circuit court and his punishment fixed at confinement in the penitentiary for 13 years. On this appeal it is urged: (1) That the verdict is the result of passion or prejudice, and is flagrantly against the evidence; (2) that the attorney for the commonwealth failed to state the defendant's plea to the jury; and (3) improper argument of counsel for the commonwealth.

1. This is the second appeal of this case. The opinion on the first appeal is reported in 219 Ky. 60, 292 S. W. 471. On the former appeal it was urged that appellant was entitled to a directed verdict of acquittal, but the court held that the evidence for the commonwealth was sufficient to take the case to the jury. It is now claimed that the verdict is the result of passion and prejudice and is flagrantly against the evidence. Appellant, as deputy sheriff, had a warrant for the arrest of the deceased, Foster Bentley. He had information that Bentley and Anthony Hall had gone up Nealy's Branch, a tributary of Carr's Fork. He went to that vicinity, and shortly after he reached a point near the mouth of Nealy's Branch, Bentley and Hall came down the branch, and when near to appellant, they turned into a lane and behind a house, and while behind the house and out of sight of appellant, deceased drew his pistol, and had it in his hand when he again appeared in sight of appellant. Anthony Hall testified that appellant overtook deceased, and after informing him that he had a warrant for his arrest, took hold of him by the arm and started with him

toward the road, and after walking a short distance appellant "wheeled around and knocked him in the head and shot him." Malcolm Vance, another witness for the commonwealth, testified that he was on a hill 40 or 50 yards from the place of the killing at the time it occurred; that he saw appellant walk toward the deceased, take him by the left arm, and lead him about 20 or 25 yards, when appellant changed over to the right, went around behind the boy and throwed his left arm around him and hugged him up and shot him." Appellant testified that when he saw deceased and Hall coming down the branch, he called to deceased and informed him he had a warrant for his arrest and requested him a number of times to submit to arrest; that deceased said, "Stand back, big boy, don't come up, I have been arrested on that," and that appellant then said "No, you haven't, I am the only man that had the paper;" that deceased then walked behind a house, and when he reappeared had a pistol in his hand and started walking on up the creek. He further testified: "I cut him off from the foot log, didn't go down where he was standing, kept quartering, and I was making for him where he was trying to get across the creek. I catched him by the coat sleeve and he jerked loose, and jerked his pistol and wheeled, and as he wheeled I knocked it down and fired." He denied striking deceased with his pistol, and said he fired to save his own life.

It is the province of the jury to pass upon the weight and sufficiency of the evidence and the credibility of witnesses, and from the evidence as a whole determine the truth of the matter; in this they may accept the testimony of one witness or set of witnesses and rest their verdict upon it alone. Allison v. Commonwealth, 196 Ky. 140, 244 S. W. 422; Barry v. Commonwealth, 212 Ky. 778, 280 S. W. 118. It is only when the verdict appears so against the truth, as shown by the testimony, as to shock the conscience of the court, that a verdict will be held flagrantly against the evidence. Wright v. Commonwealth, 221 Ky. 226, 298 S. W. 673; Couch v. Commonwealth, 227 Ky. 190, 12 S. W. (2d) 285. The evidence for the commonwealth is sufficient to sustain the verdict; this ground cannot therefore be sustained.

2. Section 219 of the Criminal Code provides that "the clerk, or Commonwealth's attorney, shall then read to the jury the indictment, and state the defendant's

plea;" and it is urged that since the record does not show this was done, the judgment must be reversed. The case was called for trial on the 20th day of October, 1928, and the verdict returned on the 24th day of October. On October 30th, motion and grounds for a new trial were filed, one of which grounds is that the attorney for the commonwealth, who read the indictment and made statement of the case on behalf of the commonwealth, failed to state the plea of the defendant. Upon the filing of the motion and grounds and on the same day, the court entered this order: "The judgment entered in the above cause failing to show that defendant waived formal arraignment or entered a plea to the charge in the indictment, and it appearing that the minutes of the clerk of this court shows that defendant waived a formal arraignment and entered a plea of not guilty, this order is entered now for then for the purpose of correcting said judgment and showing that the defendant so entered said plea of not guilty and waived a formal arraignment before the reading of the indictment to the jury by the attorney for the Commonwealth. The defendant by counsel objects and excepts to the above order."

In addition, the transcript of evidence was made the bill of exceptions, and it is signed and approved as such by the trial judge. This bill of exceptions shows in plain terms that "came the defendant in person and by honorable Joe Hall, and presented the case for the defendant, demurred to the indictment, waived formal arraignment and entered a plea of not guilty." The failure upon the part of the attorney for the commonwealth to state the defendant's plea, if there was such failure, is manifested only by the motion and grounds for a new trial and the appellant's affidavit filed in support thereof. This is not sufficient. To be available here is must be shown by the bill of exceptions, and the bill of exceptions in this case shows no such failure. In the case of Combs v. Commonwealth, 104 S. W. 270, 271, 31 Ky. Law Rep. 822, the court said: "The purpose of the Code provision in requiring the indictment to be read and the plea of the defendant stated is to inform the jury at the very inception of the case of the nature of the charge and the plea of the defendant thereto; and when this is substantially done, although the Code is not literally followed, it will not amount to reversible error. And, aside from this, though the record fails to show that the indictment has

been read or the defendant's plea announced to the jury, such omission will not authorize this court to assume that these requirements of the Criminal Code have not been complied with, unless it is made to appear from the record that the failure of the trial court to have the indictment read and the defendant's plea stated to the jury has been excepted to and relied on by the defendant as a ground for a new trial."

And in Dabney v. Commonwealth, 226 Ky. 119, 10 S. W. (2d) 612, 613, it is said:

"The purpose of the law is fully satisfied when the defendant is informed of the issue which he has to meet, and the jury is advised of the charge it is called upon to try.

"If there has been an omission at the trial which the defendant considers prejudicial to him, he should call it to the attention of the court, and demand a compliance with the law. If the request is refused, an exception must be taken and noted in the bill of exceptions. Criminal Code, sec. 282. Otherwise it is not available here. Dalton v. Commonwealth, 216 Ky. 317, 287 S. W. 898."

This ground cannot therefore be sustained.

3. In the course of his closing argument to the jury, the attorney for the commonwealth made this statement: "My God, has people nerve enough to let people kill his fellowman because he is an officer." It is urged that this remark was so prejudicial to the appellant's substantial rights as to necessitate a reversal. We see nothing in this remark calling for a reversal, in view of the provisions of sections 340 and 353, of the Criminal Code. Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190.

Wherefore the judgment is affirmed.